IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KANAWAY SEAFOODS, INC., and
LIBERTY PACKING, LLC,

    Plaintiffs,

v.

PACIFIC PREDATOR, and BRYAN
HOWEY and DANA HOWEY, and
ALASKA WILD EXPORTS, LLC,

    Defendants.

Case No. 3:22-cv-00027-JMK-KFR

**FINDINGS AND RECOMMENDATIONS**

The Court recommends that Plaintiff's Motion for Replevin at Docket 22 be denied. Replevin is an action for recovery of property wrongfully seized or detained by another party. In this case, Plaintiff seeks possession from Defendants of a fishing vessel, the Pacific Predator, that was utilized as collateral for a loan Plaintiff alleges Defendants have breached. Because Defendants do not at presently possess the Pacific Predator because of its seizure by the United States Marshals as part of this case, the property cannot be taken from Defendants and replevin cannot be ordered.

**I.  Statement of Facts[1]**

On April 17, 2019, Defendants Bryan and Dana Howey (hereinafter collectively "Defendants") entered into a loan agreement with Liberty Packing, LLC, (hereinafter "Liberty").[2] As part of the contract, Liberty agreed to loan $800,000 to Defendants so that they could pay off an existing debt to another lender.[3] Defendants secured the Liberty loan with their fishing vessel, the Pacific Predator, an Alaskan registered

---

[1] This Statement of Facts is limited to those facts necessary to decide the motion before the Court.
[2] Doc. 1-1; Doc. 35 at 4.
[3] Doc. 1-1 at 1.

58-foot seiner used by Defendants to commercially fish Alaskan waters; the equipment and appurtenances on the vessel; and fishing rights possessed by Defendants.[4]

In exchange, Defendants agreed to enter into a fishing agreement with Liberty to deliver and sell seafood products to Liberty for a fixed period.[5] Defendants also agreed to make payments on the Liberty loan in 15 equal installments due yearly on September 30, with 25% of the gross proceeds from the delivery of seafood to Liberty deducted from the amount due.[6] Defendants also agreed to register the Pacific Predator in Washington State and to list Liberty as the owner of the vessel.[7]

Approximately six weeks after signing the Liberty loan, Defendant Bryan Howey signed a Promissory Note with Kanaway Seafood, Inc., doing business as Alaska General Seafood (hereinafter "Kanaway" or "AGS").[8] Under the AGS note, AGS agreed to loan Defendant Bryan Howey up to approximately $24,000 to be used for the purchase of "necessaries" – food, fuel and other expenses incurred during the fishing season - for the Pacific Predator.[9] Any money loaned under the AGS note was to be repaid through fish credits and tender charters, with the full amount due no later than September 30, 2019.[10]

Between 2019 and 2021, AGS advance Defendant Bryan Howey and the Pacific Predator a line of credit of approximately $353,000, with accrued interest on this line of credit totaling approximately $90,000.[11] During those three years, Defendant Bryan Howey repaid approximately $340,000 through deliveries of fish to AGS.[12]

In July 2019, Defendant Bryan Howey had mechanical issues with a skiff that

---

[4] *Id.* at 1, 4; Doc. 35 at 3-4.
[5] Doc. 1-1 at 1.
[6] Doc. 1-2 at 2.
[7] Doc. 1-1 at 6; Doc. 35 at 4.
[8] Doc. 1 at 5; Doc. 1-3.
[9] Doc. 1 at 5.
[10] Doc. 1 at 6; Doc. 1-3 at 1.
[11] Doc. 1 at 6; Doc. 64-4 at 6.
[12] Doc. 1 at 7; *but see* Doc 64-4 at 6 (showing credits in the amount of $326,664.13).

Final R&R on Motion for Replevin 2
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 2 of 12

he used as part of his commercial fishing operation.[13] As a result of issues associated with the operation and repair of the skiff, Defendant Bryan Howey was unable to fully fish the 2019 season. Lingering issues with the skiff also affected Defendant Bryan Howey's ability to fish during the 2020 and 2021 season.[14] Defendants were unable to repay the amounts owed on the Liberty loan, AGS note, and AGS line of credit in accordance with the terms and conditions of those agreements.

## II. Procedural History

### a. Complaint and Maritime Arrest of Pacific Predator

On February 23, 2022, Plaintiffs Kanaway/AGS and Liberty (hereinafter collectively "Plaintiffs") filed a complaint *in rem* against the Pacific Predator, and *in personam* against Defendants and their business Alaska Wild Exports ("AWE").[15] In the complaint, Plaintiffs make three claims. First, Plaintiffs allege Defendants defaulted on the Liberty loan, AGS note, and AGS line of credit, by failing to repay approximately $746,000 owed on the Liberty loan (and secured by the Pacific Predator), $24,000 owed on the AGS note, and $79,000 owed on the AGS line of credit; by failing to properly register the Pacific Predator in the State of Washington; and by failing to identify Liberty on the registration as the owner of the vessel.[16] Second, Plaintiffs seek foreclosure of a maritime lien against the Pacific Predator, alleging the Defendants failed to repay the AGS note and AGS line of credit, which were advanced to Defendants for the purpose of paying for "necessaries" for the vessel. Plaintiffs also seek foreclosure of a lien against the Pacific Predator because of Defendants' alleged default on the Liberty loan.[17] Finally, Plaintiffs allege Defendants failed to respect AWE's corporate form, using it to evade duties owed to

---

[13] Doc. 35 at 7-8; Doc. 36 at 6.
[14] Doc. 35 at 8-11; Doc. 36 at 8-13.
[15] Doc. 1. On September 7, 2022, Plaintiffs filed an Amended Complaint. Doc. 64. This amended complaint repeated the claims made previously, adding only an itemized accounting of the losses alleged by Plaintiffs. *Id.* at 34-39.
[16] *Id.* at 7-8.
[17] *Id.* at 8-9.

Final R&R on Motion for Replevin
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

3

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 3 of 12

Plaintiffs.[18]

On February 28, 2022, Plaintiffs filed a motion seeking the maritime arrest of the Pacific Predator pursuant to Supplemental Admiralty Rule C(3).[19] This rule requires the Court to issue an arrest warrant for a vessel in order to enforce a maritime lien upon the filing of a verified complaint that describes the vessel with sufficient particularity and that states that the vessel is or will be within the District.[20] This Court issued the warrant on March 16, 2022,[21] and the United States Marshals seized the vessel on April 14, 2022.[22] Following its arrest, the Marshal placed the Pacific Predator in the custody of "Buck Fowler and Alaska Marine Services," Plaintiff Liberty's designated substitute custodian for the vessel.[23]

Following a hearing pursuant to Supplemental Admiralty Rule E(4)(f), and briefing by the parties, this Court denied Defendants' motion to vacate the arrest.[24] Pursuant to Supplemental Admiralty Rule E(5)(a), the Court set a special bond of $148,500 for release of the vessel, an amount sufficient to cover "twice the amount of plaintiff's claim, or…the value of the property at due appraisement, whichever is smaller."

Bond has not been posted and the Pacific Predator remains in the possession of the United States Marshal.

**b. Motion for Order Authorizing Seizure of Pacific Predator**

On May 1, 2022, Plaintiff Liberty filed a motion for replevin.[25] In its motion, Plaintiff Liberty seeks relief pursuant to Fed. R. Civ. P. 64, which permits "seizing…property to secure satisfaction of a potential judgment," and asks the Court

---

[18] *Id.* at 10.
[19] Doc. 3.
[20] Supp. Admiralty Rule C(1)-(3).
[21] Doc. 7.
[22] Doc. 11.
[23] Docs. 4, 8, and 11 (motion for order for custodian, order appointing custodian, and notice of arrest, respectively).
[24] Doc. 52.
[25] Doc. 22.

Final R&R on Motion for Replevin  4
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 4 of 12

to issue an order directing seizure of the Pacific Predator. Plaintiff Liberty argues that under Washington State law, replevin is an appropriate remedy "upon a showing that the plaintiff has the right to possess the property."[26] Plaintiff Liberty also claims the right to self-help repossession of the Pacific Predator under the Uniform Commercial Code (UCC).[27]

Defendants opposed the motion.[28] In their opposition, Defendants argued that Alaska law applies in this case, and that Plaintiff Liberty's motion for replevin fails to meet Alaska's pleading requirements under Alaska Civil Rule 89.[29] Defendants also argue that they are not in breach of contract, and that any alleged breach in this case was the result of Plaintiff Liberty's failure to act in good faith.[30]

Plaintiff Liberty replied.[31] In their reply, Plaintiff Liberty argued the merits of its right to possession of the Pacific Predator by virtue of the terms of the Liberty loan agreement.[32] Plaintiff also stated that Defendants' arguments in opposition to the motion were irrelevant as they either implicated a civil rule not at issue in a replevin action, or asserted a defense against Plaintiff Liberty's right to possession that implicated actions taken by Kanaway/AGS, not Liberty.[33]

The Court held a hearing on the motion for replevin. At the hearing, the Court challenged Plaintiff Liberty on whether their motion for replevin met either the Alaska or Washington pleading requirements. In response, Plaintiff Liberty argued that Washington law applied by virtue of the choice of law provision contained in the Liberty loan agreement, and that, under either Washington or Alaska law the verified complaint, as well as other supporting documents filed as part of its motion

---

[26] *Id.* at 9.
[27] *Id.* at 10
[28] Doc. 35.
[29] *Id.* at 16-17 and 20-23
[30] *Id.* at 24-25.
[31] Doc. 45.
[32] *Id.* at 2-4, 11.
[33] *Id.* at 12-16

Final R&R on Motion for Replevin 5
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 5 of 12

and other actions in this case provided each of the essential elements necessary for a replevin action to proceed. Defendants argued for application of Alaska law and stated that the elements of the applicable statute had not been met.

The Court also sought further information from the parties regarding the evidence necessary to grant the motion. Specifically, the Court sought the parties' position on whether the Alaska and Washington replevin rules required a showing by Plaintiff that their entire action was meritorious, or simply their pre-judgment right to possession of the disputed property. Plaintiff Liberty argued that the key question was the right to possession, as opposed to the overall merits of the action. Defendants argued that the defenses raised by them in their pleading were relevant to the Court's analysis of whether Plaintiff Liberty had a superior possessory interest in the Pacific Predator and that because of those defenses the writ of replevin should not issue.

### III. Legal Standard and Analysis

#### a. Replevin under Federal Law

"Replevin is defined as an action brought to recover goods unlawfully taken."[34] Replevin "may be maintained not only for the unlawful taking but for the unlawful detention of property."[35] A writ of replevin authorizes "the retaking of personal property wrongfully taken or detained."[36]

Federal Rule of Civil Procedure 64 makes replevin and other prejudgment remedies available in federal court.[37] Rule 64 states, as follows:

> (a) At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

---

[34] *Rollins v. Leibold,* 512 P.2d 937 (1973) (citing Clark on Code Pleading 80 (2d ed. 1947)).
[35] J.E. Cobbey, A PRACTICAL TREATISE ON THE LAW OF REPLEVIN AS ADMINISTERED BY THE COURTS OF THE UNITED STATES 7, 34 (2d ed. 1900).
[36] *Replevin, Black's Law Dictionary*, (3rd Pocket Edition).
[37] *See Aleut Corp. v. Arctic Slope Regional Corp.*, 424 F.Supp. 397, 399 (D.Alaska 1976)*; see also Murphy v. Foster*, 518 F.Supp.2d (D.Me. 2007)

Final R&R on Motion for Replevin 6
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 6 of 12

(b) The remedies available under this rule include the following – however designated and regardless of whether state procedure requires an independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding or equivalent remedies.

### b. Alaska State Law Governs this Motion.

As a threshold matter, the parties dispute what law governs Plaintiff Liberty's claims. Plaintiff Liberty claims that Washington law applies while Defendants asserts that Alaska law applies.[38] Both parties cite to the choice of law provision contained within the Liberty loan agreement and argue for or against its enforcement. However, those arguments overlook the unambiguous language within Rule 64 which states that the law to be applied in an action for replevin is the law of the "state where the court is located." In this case, given the fact that this matter has been filed within the District of Alaska, that law is Alaska state law.

Rule 64 codifies "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered."[39] Alaska state law codifies the rules for replevin at Alaska Statute 09.40.260, et seq.[40] The procedure for replevin under Alaska state law is found at Alaska Civil Rule 88, Procedure for Claiming Delivery of Personal Property. Under that provision,

[t]he plaintiff shall file a motion with the court requesting the delivery of personal property, together with an affidavit showing:

(1) A particular description of the property claimed, and if the property claimed is a portion of divisible property of uniform kind, quality and value, that such is the case, and the amount thereof which the plaintiff

---

[38] *Compare* Doc. 22 at 8 with Doc. 35 at 14.

[39] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 U.S. 423, 436 n.10 (1974); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1063-64 n.13 (9th Cir. 1991); *see also* 11A Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 2932 (1995 ed.) ("[S]tate law ordinarily determines when and how a provisional remedy [such as attachment] is obtained….").

[40] *See Aleut Corp.*, 424 F.Supp. at 399.

Final R&R on Motion for Replevin 7
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

claims; and

(2) That the plaintiff is the owner of the property or lawfully entitled to its possession, and the facts and circumstances relating thereto; and

(3) The value of the property claimed; and if more than one article is claimed, the current value of each article; and

(4) That the property is in the possession of the defendant, and the facts and circumstances relating to such possession according to the plaintiff's best knowledge or belief; and

(5) That the prejudgment seizure is not sought and the action is not prosecuted to hinder, delay or defraud any other creditor of the defendant; and

(6) That the plaintiff has no information or belief that the defendant has filed any proceeding under the National Bankruptcy Act or has made a general assignment for the benefit of creditors, or, if any such proceeding has been terminated, that the claim of the plaintiff was not discharged in such proceeding.[41]

Under Alaska law, the plaintiff bears the burden of "establish[ing] by a preponderance of the evidence the probable validity of the plaintiff's claim to the property and the absence of any reasonable probability that a successful defense can be asserted by the defendant."[42]

### c. Plaintiff Cannot Make the Necessary Showing for Replevin under Alaska Law.

Plaintiff Liberty did not file a motion and supporting affidavit as required under Rule 88. The Court finds this alone could be a basis upon which to recommend denial of Plaintiff Liberty's motion as Rule 88 states that Plaintiff Liberty "shall file" a conforming motion and affidavit.[43] However, even if the Court were to liberally construe Plaintiff Liberty's verified complaint and exhibits, along with its other relevant filings on this issue as sufficient to meet Rule 88's dictates in form, it would still fall short in substance.

---

[41] Alaska Civil Rule 88(b).
[42] Alaska Civil Rule 88(d).
[43] Alaska Civil Rule 88(b); *see Kalman v. Omni World Financial Corp.*, 651 So.2d 1249 (Fla. Dist. Ct. App. 2 1995) (finding "numerous questions" with the claim for replevin, including that the petition was supported by an unverified complaint in violation of statute)

Final R&R on Motion for Replevin  8
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 8 of 12

Plaintiff Liberty's verified complaint and motion for replevin contain sufficient detail for the Court to conclude that they have met Rule 88's requirement to describe the Pacific Predator and its value, and to relate facts and circumstances about Plaintiff Liberty's claim to lawful possession of the vessel.[44] Where Plaintiff Liberty falls short is any showing that the "property is in the possession of the defendant[.]"[45] Indeed, Plaintiff Liberty cannot make this showing as the Pacific Predator, by virtue of the maritime arrest sought at the outset of this case, is currently in the custody of Mr. Fowler and Alaska Marine Services, Plaintiff Liberty's designated substitute custodian for the vessel, and has been since April 18, 2022.[46] This fact was known to Plaintiff Liberty at the time it filed its motion for replevin on May 1, 2022.[47]

Given the fact that the Pacific Predator is not currently in Defendants' possession, Plaintiff Liberty's motion effectively seeks an order from this Court that would order delivery by the Pacific Predator's approved custodian to Plaintiff Liberty, or that would come into effect only upon the posting of a bond under Supplemental Admiralty Rule E(5)(a) and the subsequent release of the Pacific Predator by the custodian to Defendants pursuant to that bond. The Court is unaware of, and the parties do not cite to any authorities that grant the Court the authority to order replevin from a third party in lawful possession of property, or to issue a preemptive writ of replevin upon recovery of that property by a defendant from that third party. Indeed, the Court does not believe such authority exists.

The very nature of replevin - "the retaking of personal property wrongfully

---

[44] *See* Alaska Civil Rule 88(b)(1)-(3).

[45] *Id.* at (4).

[46] Doc. 11. The Court's findings and recommendation would be no different even if it were to apply Washington law as requested by Plaintiff. Washington law requires that Plaintiff file an affidavit or declaration showing "[t]hat the property is wrongfully detained by [D]efendant." Revised Code of Washington (RCW) 7.64.020. As Defendant does not currently possess the Pacific Predator by virtue of its arrest, the necessary showing to proceed on a replevin action under Washington law cannot be made.

[47] Dkt. 22.

Final R&R on Motion for Replevin 9
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 9 of 12

*taken or detained by the defendant*" - precludes such orders.[48] Rule 88, in addition to requiring an affidavit from the plaintiff showing that the property is "in the possession of the defendant,"[49] also requires a plaintiff to "endorse in writing upon the motion attached to the affidavit a request that the property claimed be taken by a peace officer *from the defendant* and be delivered to the plaintiff." (Emphasis added). Moreover, Alaska law regulating the recovery of personal property speaks to plaintiffs and defendants, and addresses third parties only in the context of delivery to a third party after seizure from the defendant.[50]

Other jurisdictions have interpreted the replevin rules similarly. In *Testerion, Inc. v. Skoog*, the district court denied a motion for a writ of replevin for computer equipment the plaintiff claimed was in the possession of defendants.[51] Part of the reason for the court's denial of the motion was the fact that the actual equipment, had been delivered to "the record owner, the lessee, and the operator of the machine," who were not parties to the dispute.[52] Similarly, in *Howell v. U.S. Marshal*, the court upheld the dismissal with prejudice of a motion for a writ of replevin filed by a convicted bank robber seeking to recover money seized from safe deposit box that was used as evidence in Appellant's conviction and was then in the possession of the United States Marshal.[53] The Court held that there was no basis for replevin because the property "was in the custody of the law."

Furthermore, Alaska law and procedure directs a "peace officer" to take possession of the replevied property from a defendant and deliver it to a plaintiff

---

[48] *Replevin, Black's Law Dictionary*, (3rd Pocket Edition) (emphasis added); *see also Bank of America, N.A. v. Won Sam Yi*, 294 F.Supp.3d 62, 71 (W.D.N.Y. 2018) (permitting replevin under New York law "[w]here a defendant refuses ' to *surrender possession* of the collateral subject to the security agreement voluntarily'") (emphasis added); J.E. Cobbey, *supra* at 35 (concluding that the defendant in an act of replevin must have committed "an actual taking" or "actual detention" for replevin to apply.)
[49] Alaska Civil Rule 88(b)(4).
[50] *See* AS 09.40.310 (addressing third party claims to property seized through replevin).
[51] 602 F.Supp.578 (D.Minn. 1984),
[52] *Id.* at 581.
[53] 241 F.2d 119 (3rd Cir. 1957)

Final R&R on Motion for Replevin 10
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 10 of 12

when replevin is ordered.[54] In this case, Plaintiff Liberty's writ of replevin would direct the United States Marshals, the federal equivalent of an Alaska "peace officer," to take possession of the Pacific Predator from themselves. Such a result is clearly illogical.

The Court recognizes that its order may only delay a decision on the merits of Plaintiff Liberty's motion and whether or not Plaintiff Liberty is entitled to court-ordered possession of the Pacific Predator during the pendency of this action. The current posture of the case may result in Plaintiff Liberty refiling a motion for replevin that meets the requirements of Rule 88 should Defendants post a bond pursuant to this Court's order at Docket 52 and regain possession of the Pacific Predator from Mr. Fowler and Alaska Marine Services. Such a result would force both parties to relitigate this issue, to the financial detriment of their clients and at a not insignificant cost to the time and resources of the attorneys and the Court. This outcome also perhaps runs counter to Fed. R. Civ. P. 1's directive that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Nonetheless, the Court recommends denial of Plaintiff's motion. Because replevin involves the seizure of property before final judgment, Due Process concerns are implicated.[55] And while "the nature and form" of the statutory prerequisites "are open to many potential variations," they cannot be ignored given the power Plaintiff is asking the Court to employ in this case.[56] Compliance with the substantive requirements of the relevant statute and rule are a necessary component that must be met prior to the ordering of a "harsh remedy [that] causes the

---

[54] AS 09.40.270 and Alaska Civil Rule 88(c)(3). Similarly, Washington law directs the sheriff to "put the plaintiff in possession of the property." RCW 7.64.035.
[55] *See Fuentes v. Shevin*, 407 U.S. 67, 93 (1972) (striking down two Florida writs or replevin statutes for violating Due Process requirements of the 14th Amendment).
[56] *Id.* at 94, 96

Final R&R on Motion for Replevin 11
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR
Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 11 of 12

defendant to lose control of his property before the plaintiff's claim is adjudicated."[57] Those requirement have not been met in this case.

## IV. Conclusion

The Court recommends that Plaintiff Liberty's motion be **DENIED**. Under Alaska law, recovery of personal property in replevin can only be initiated upon a showing by the plaintiff of certain conditions, including that a defendant is in possession of the property the plaintiff wishes to recover. That showing has not been made. Accordingly, Plaintiff Liberty's motion must be denied.

DATED this 23rd of September 2022, at Anchorage, Alaska.

*s/* Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge. A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.

A party may file written objections to the magistrate judge's order within 14 fourteen days. Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.

---

[57] *Hamilton Beach Brands, Inc. v. Metric and Inch Tools, Inc.*, 614 F.Supp.2d 1056 (C.D.Cal. 2009) (quoting *Martin v. Aboyan*, 148 Cal.App.3d 826, 831 (1983)).

Final R&R on Motion for Replevin
*Kanaway, et al., v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR
12

Case 3:22-cv-00027-SLG-KFR   Document 65   Filed 09/23/22   Page 12 of 12