IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KANAWAY SEAFOODS, INC., d/b/a Alaska General Seafoods, a Delaware corporation;, and LIBERTY PACKING, LLC, a Washington limited liability company,<br><br>        Plaintiff,<br><br>   vs.<br><br>PACIFIC PREDATOR, AK Registration No. AK3565AN, its engines, machinery, appurtenances, etc., *in rem*; BRYAN HOWEY, *in personam*; DANA HOWEY, *in personam*; and ALASKA WILD EXPORTS, LLC, *in personam*;<br><br>        Defendants. | Case No. 3:22-cv-00027-JMK-KFR<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |

Before the Court at Docket 22 is Plaintiff Liberty Packing LLC's Motion for Replevin (the "Motion"). Defendants responded in opposition at Docket 35. Plaintiff filed a reply at Docket 45. The Motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 65, Judge Reardon issued his Report and Recommendation (the "Report and Recommendation"), in which he recommended that the Motion be denied.

Defendants objected to the Report and Recommendation at Docket 74. Plaintiff did not file its own objections or otherwise respond to Defendants' objections.

This matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." A court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[1] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[2]

Defendants object "to the Magistrate[] [Judge's] Statement of Facts and Procedural History, but not to the Legal Standard and Analysis, nor to the Conclusion and Recommendation."[3] Defendants object to "preserve their objections so the Statement of Facts aren't considered Findings of Fact for future motions and trial."[4] Reviewing Defendants' objections de novo, Defendants' objections all go to the factual dispute at the heart of this matter.[5] It is unnecessary and premature for the Court to resolve these factual disputes at this stage of the litigation. Judge Reardon recounted the facts and procedural

---

[1] 28 U.S.C. § 636(b)(1)(C).
[2] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").
[3] Docket 74 at 1.
[4] *Id.*
[5] *Id.* at 2–4.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*     Case No. 3:22-cv-00027-JMK-KFR
Order Adopting Report and Recommendation as Modified     Page 2
Case 3:22-cv-00027-JMK-KFR    Document 86    Filed 12/09/22    Page 2 of 3

history, primarily drawing from Plaintiffs' Complaint, solely to discern whether the facts as alleged could support an action for replevin.[6] The Court understands, however, that Defendants lodge these objections to preserve their arguments. For the avoidance of doubt, the Court will modify footnote one in the Report and Recommendation to read: "The Statement of Facts is limited to those facts necessary to decide the motion before the Court. The Statement of Facts and Procedural History do not constitute binding findings of fact."

Judge Reardon recommended that the Court deny Plaintiff's Motion for Replevin at Docket 22. The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation as modified, and IT IS ORDERED that the Motion for Replevin is DENIED.

IT IS SO ORDERED this 9th day of December, 2022, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[6] *See* Docket 65 at 1–4, 8 ("However, even if the Court were to liberally construe Plaintiff Liberty's verified complaint and exhibits, along with its other relevant filings on this issue as sufficient to meet Rule 88's dictates in form, it would still fall short in substance.").

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*     Case No. 3:22-cv-00027-JMK-KFR
Order Adopting Report and Recommendation as Modified     Page 3
Case 3:22-cv-00027-JMK-KFR    Document 86    Filed 12/09/22    Page 3 of 3