IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KANAWAY SEAFOODS, INC., et al.,

                   Plaintiffs,

     v.

PACIFIC PREDATOR, et al.

                   Defendants.

Case No. 3:22-cv-00027-JMK-KFR

**FINDINGS AND RECOMMENDATIONS ON
MOTION TO DISMISS UNDER 12(b)(6)**

The Court recommends Defendants' Motion to Dismiss at Docket 71 seeking dismissal of portions of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) be **DENIED** in its entirety. Plaintiffs' Amended Complaint, which alleges that Defendant Bryan Howey failed to timely repay money loaned to him contains allegations that on their face are sufficient to state a claim for breach of contract. Defendants cannot meet their burden under Rule 12(b)(6) to prove that no set of facts exist that would entitle Plaintiffs to relief. In addition, the previously-imposed bond amount remains reasonable and there is no basis to reduce it.

**I.    Relevant Proffered Facts**[1]

Starting in 2019, Defendants Dana and Bryan Howey entered into a series of agreements with Plaintiffs Liberty Packing LLC ("Liberty"), and Kanaway Seafoods Inc. ("Kanaway"), doing business as Alaska General Seafoods ("AGS"). On or about April 17, 2019, Defendants Dana and Bryan Howey entered into a Loan and Security Agreement with Liberty ("the Loan Agreement").[2] Under the Loan Agreement, Liberty was to loan the sum of $800,000 to Defendants Bryan and Dana Howey in

---

[1] The Relevant Proffered Facts are limited to those facts necessary to decide the motions before the Court. The Court does not intend for the Relevant Proffered Facts to constitute binding findings of fact should this matter proceed to trial.
[2] Doc 64-1.

order to pay off an outstanding loan to ALPS Federal Credit Union.[3] In exchange for this loan, Defendants Bryan and Dana Howey agreed to enter into a Fishing Agreement with AGS to deliver and sell seafood products to AGS for a fixed period.[4] The Liberty loan was further documented by a Promissory Note dated April 17, 2019, reciting loan terms ("the Liberty Note").[5]

On or about June 30, 2019, Defendant Bryan Howey entered into a Promissory Note with AGS in the principal amount of $23,949.32 ("the AGS Note"), documenting a loan from AGS to Howey in that amount.[6] In addition to the AGS Note, AGS loaned Howey and the Pacific Predator ("the Vessel"), a 58-foot seiner used by Defendants to commercially fish Alaskan waters, additional sums between 2019 and 2021 on an "open account" to be repaid under standard AGS terms and conditions, which included interest on the open amounts at 10% per annum ("AGS Open Account Loan"). These funds were loaned on the credit of the Vessel and some of these funds were used by Defendant Howey for necessaries of the Vessel, including but not limited to a vessel permit lease.[7]

As to each of these loans, Plaintiffs allege in their Amended Complaint that Defendants have failed to comply with their terms. According to Plaintiffs, Defendants Bryan and Dana Howey, individually and through their company Alaska Wild Exports, LLC. ("AWE"), allegedly defaulted on the obligations under the Liberty Loan Agreement and Liberty Note by failing to make agreed principal and interest payments, and failing to register the Vessel in Washington and provide documentation of that registration to Liberty.[8] Plaintiffs contend that these, and other acts and omissions of Defendants, constitute default under both the Loan

---

[3] Doc. 64 at 3.
[4] *Id.*
[5] *Id.* at 4.
[6] *Id.* at 5.
[7] *Id.*
[8] *Id.*

Order on 12(b)(6) Motion to Dismiss 2
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*

Agreement and Liberty Note.[9] Plaintiffs state that as of January 14, 2022, the principal due on the Liberty Loan is $746,666.67, the accrued interest as of February 1, 2022, is $113,166.62, and interest continues to accrue at a rate of $368.22 per day.[10]

With regard to the AGS matters, Plaintiffs claim that Defendant Howey never repaid the AGS Note nor fully repaid the AGS Open Account Loan. Plaintiffs contend that Defendant Bryan Howey failed to repay the sums loaned to him under the AGS Note by September 30, 2019, so the $23,949.32 balance on the AGS Note remains unpaid and interest continues to accrue.[11] In addition, Plaintiffs state that by making deliveries of fish to AGS, Defendant Howey repaid a total of $326,644.13 toward the AGS Note and AGS Open Account Loan.[12] The result Plaintiffs allege is that the unpaid balance on these two AGS loans stood at $115,953.48, which continues to accrue interest.[13] Plaintiffs further state that AGS advanced additional sums after 2021 for necessaries of the Vessel, and that the sums from the AGS Open Account Loan that remain unpaid were advanced and used for necessaries of the Vessel.[14]

**II.     Procedural History and Motions Presented**

On February 23, 2022, Plaintiffs Liberty, and Kanaway, doing business as AGS, filed a complaint, *in rem* and *in personam*, against Defendants Bryan and Dana Howey, AWE, and the Vessel. This complaint alleged breach of contract and promissory note, and corporate disregard by Defendants; sought to foreclose maritime liens; and sought a warrant to arrest the Vessel, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Admiralty Rule").[15]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 7.
[13] *Id.*
[14] *Id.*
[15] Docs. 1 and 3.

Order on 12(b)(6) Motion to Dismiss                                  3
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*

This Court issued a warrant for the arrest of the Vessel on March 16, 2022.[16] Upon the execution of the arrest warrant, Defendants Bryan Howey, Dana Howey, and AWE, owners of the Vessel, filed a motion for a hearing to either vacate the arrest pursuant to Admiralty Rule E(4)(f), or set the amount of a special bond to secure the release of the Vessel under Admiralty Rule E(4)-(5).[17] The Court heard argument on the motion on May 3, 2022,[18] and ordered additional briefing on the matter.

On July 29, 2022, the Court denied the motion to vacate the arrest, and granted the motion to set a special bond to secure the release of the Vessel of $148,500. In that order, the Court found that maritime liens existed, thus creating subject matter jurisdiction over Plaintiffs' claims. The Court declined at that time to issue a ruling on the strength of Defendants' argument that a "maritime lien cannot attach to a limited entry permit," and whether $46,964.32 of the unpaid balance, plus interest, must be discounted from the bond amount.[19]

Plaintiffs filed an Amended Complaint on September 7, 2022.[20]

On September 25, 2022, Defendants filed a motion to dismiss a portion of the Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of admiralty jurisdiction. The portion Defendants sought to have dismissed involved a claim relating to money loaned by AGS to Defendants that was used by Defendants to pay for the temporary emergency transfer of Alaska state limited entry fishing permits.[21] The motion also sought to reduce the Court's previously-ordered special bond under Admiralty Rule

---

[16] Doc. 7.
[17] Doc. 15.
[18] Doc. 28.
[19] Doc. 52.
[20] Doc. 64. The Amended Complaint included an itemized accounting of the losses alleged by Plaintiffs. All of the original claims remained unchanged.
[21] Doc. 66.

Order on 12(b)(6) Motion to Dismiss
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
Case 3:22-cv-00027-JMK-KFR
4

Case 3:22-cv-00027-SLG-KFR   Document 100   Filed 03/10/23   Page 4 of 10

E(6) by the amount of the money advanced for the permits.[22] Plaintiffs responded in opposition, and Defendants replied.[23]

The Court recommended this motion be denied because Plaintiffs' Amended Complaint contained allegations sufficient to invoke federal jurisdiction.[24] Specifically, as it related to money advanced by Plaintiffs for Defendants' purchase of three limited entry fishing permits, maritime jurisdiction under 46 U.S.C. § 31342 existed because these permits could properly be considered necessaries essential for the operation of Defendants' commercial fishing enterprise.[25]

Shortly after, Defendants filed a second motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim regarding the AGS Note and for an award of attorney's fees and costs, along with another Admiralty Rule E(6) Motion to reduce security and costs.[26] Plaintiffs responded in opposition and Defendants replied.[27]

Defendants then filed a third motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of admiralty jurisdiction regarding Rule D "Petitory Action" and under the Preferred Ship Mortgage Act, which Plaintiffs opposed.[28] The Court recommended this motion be denied because Plaintiffs' action for possession of the Vessel was a proper basis for jurisdiction pursuant to Admiralty Rule D.[29]

In this Order, the Court considers all filings related to Defendants' motion to dismiss under Rule 12(b)(6) to issue its report and recommendation to the District Court.

//

//

---

[22] *Id.*
[23] Docs. 77 and 80.
[24] Doc. 87.
[25] *Id.*
[26] Doc. 71.
[27] Docs. 78 and 81.
[28] Docs. 76, 82, and 83.
[29] Doc. 87.

Order on 12(b)(6) Motion to Dismiss
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*

5

### III. Applicable Law and Analysis

#### a. Motion to Dismiss under Rule (12)(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.[30]

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party.[31] The Court may not dismiss a "complaint containing allegations that, if proven, present a winning case ... no matter how unlikely such winning outcome may appear to the district court."[32] Nonetheless, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."[33]

"[O]nly pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth."[34] A "formulaic recitation of the elements of a cause of action" will not defeat a motion to dismiss.[35] The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[36] "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[37] Moreover, the Court need not accept as

---

[30] *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011).
[31] *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 783 (9th Cir. 2012) (citation omitted).
[32] *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 791 (9th Cir. 2011).
[33] *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted).
[34] *United States v. Corinthian Colls.,* 655 F.3d 984, 991 (9th Cir. 2011) (citation omitted).
[35] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).
[36] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).
[37] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556–57).

Order on 12(b)(6) Motion to Dismiss 6
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
Case 3:22-cv-00027-JMK-KFR
Case 3:22-cv-00027-SLG-KFR   Document 100   Filed 03/10/23   Page 6 of 10

true allegations that contradict the complaint's exhibits, documents incorporated by reference, or matters properly subject to judicial notice.[38]

### b. Plaintiffs' Amended Complaint States a Claim upon Which Relief Can Be Granted.

In their motion to dismiss under Rule 12(b)(6), Defendants make several claims. Those arguments are summarized as follows:

1. In accordance with its terms, the AGS Note was paid for by performance as of August 16, 2019.[39]
2. The unpaid balance in the AGS Note was "counted twice."[40]
3. AGS waived its right to payment from Defendant Bryan Howey because "AGS and Liberty [] vigorously assert they are completely independent entities. Therefore, $23,949.32 in fishing proceeds AGS did not take to pay off the note has been waived[.]"[41]
4. None of the agreements permit AGS to disregard the terms of its promissory note.
5. Defendants are entitled to attorney's fees and expenses of defense.[42]

Plaintiffs deny all allegations and contend that Defendants' motion to dismiss does not meet the Rule 12(b)(6) standard. Plaintiffs maintain that the Amended Complaint sufficiently alleges that Plaintiff AGS loaned Defendant Bryan Howey $23,949.32, that this loan was not paid by the due date, that it was not "counted twice", and that it remains unpaid, accruing interest and costs.[43] Plaintiffs seek repayment of the loaned funds, as well as interest, fees, and costs as applicable.[44]

---

[38] *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).
[39] Doc. 71 at 3-4.
[40] *Id.* at 4.
[41] *Id.* at 7.
[42] *Id.* at 7-8.
[43] Doc. 78 at 6.
[44] Doc. 64.

Order on 12(b)(6) Motion to Dismiss
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
Case 3:22-cv-00027-JMK-KFR
7

Case 3:22-cv-00027-SLG-KFR   Document 100   Filed 03/10/23   Page 7 of 10

To prevail on a breach of contract claim under Washington state law,[45] Plaintiff "must prove that a valid agreement existed between the parties, the agreement was breached, and the plaintiff was damaged."[46] Accepting all well-pleaded factual allegations as true and construing them in the light most favorable to the non-moving party, Plaintiffs' Amended Complaint sufficiently pleads a breach of contract upon which relief may be granted.[47] Specifically, by alleging that Plaintiffs loaned Defendant Bryan Howey $23,949.32 under the AGS Note, Plaintiffs allege a contract which imposed a duty on Defendants, namely, repayment of the money loaned by September 30, 2019.[48] By claiming that the AGS Note remains unpaid, Plaintiffs allege breach of that contract.[49] Finally, Plaintiffs' Amended Complaint alleges damages - repayment of the $23,949.32, plus accrued interest, attorney's fees, and costs in collecting on this debt. Plaintiffs' Amended Complaint contains sufficient facts to "state a claim to relief that is plausible on its face."[50]

---

[45] The Court notes that both parties have applied Washington law in this Rule 12(b)(6) motion. In earlier pleadings, Defendants argued that Alaska law should be applied to matters in this case. *See e.g.* Doc. 35, Defendants' Opposition to Motion for Writ of Replevin. Federal courts sitting in diversity apply the forum state's choice of law rules to determine the controlling substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941). Alaska courts apply the choice-of-law rules set forth in the Restatement (Second) of Conflict of Laws, and "unless [a] choice of law provision itself was obtained by a misrepresentation it will be given effect." *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 641 (9th Cir. 1988) (citing the Restatement (Second) Conflict of Laws § 201 (1971)). Defendants have not alleged misrepresentation, and like the parties, the Court is applying Washington law in its analysis of the motion.

[46] *Univ. of Washington v. Gov't Emp. Ins. Co.*, 200 Wn. App. 455, 467, 404 P.3d 559 (2017); *see also Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995) (stating that elements of breach of contract are "(1) a duty imposed by the contract (2) was breached [by Defendant], with (3) damages proximately caused by the breach").

[47] *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 783 (9th Cir. 2012) (citation omitted). *See also Kossick v. United Fruit Co.*, 365 U.S. 731 (1961) (The validity and interpretation of a maritime contract is governed by federal maritime law, unless the "maritime but local" or "non-preemption" doctrine applies).

[48] Doc. 78 at 9.

[49] *Id.*

[50] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).

Order on 12(b)(6) Motion to Dismiss 8
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*

In disputing these allegations, both in their motion to dismiss and their reply to Plaintiffs' opposition[51], Defendants ask the Court to adjudicate matters beyond its capacity at this stage in the proceeding. Defendants ask the Court to interpret the contract, conduct accountings, determine whether Defendants paid off the AGS Note by their performance, and determine if Plaintiffs properly applied credits to debts or if they double counted. Such issues are appropriate for the trier of fact to determine, not this Court in a Rule 12(b)(6) motion to dismiss for failure to state a claim. As pled, Plaintiffs' Amended Complaint alleges a cognizable legal theory for a breach of contract claim as this Court must assess that claim pursuant to Rule 12(b)(6).[52] Therefore, the Court recommends Defendants' Motion to Dismiss under Rule 12(b)(6) be denied.[53]

### c. There is No Basis to Reduce the Previously-Ordered Security Under Rule E(6) at Docket 71.

The Court previously set bond for the Vessel in the amount of $148,500, and further justified its bond amount in its Report and Recommendation regarding Defendants' motions to dismiss under Rule 12(b)(1).[54] This Court held that even if it were the to accept Defendants' argument that monies used for limited entry permits cannot give rise to a maritime lien, a bond of $148,500 would still be reasonable given that it was significantly less than the bond amount authorized under the law. This fact remains true in the present motion to dismiss – $148,500 remains significantly less than the bond amount authorized under law and the Court's findings and recommendations herein provides no basis to disturb its prior rulings.

---

[51] Docs. 71 and 81.
[52] *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011).
[53] Since the Court recommends dismissal of the present motion to dismiss, findings and recommendations relating to Defendant request for an award of attorney fees would be premature at this time.
[54] See Docs. 52 and 87.

Order on 12(b)(6) Motion to Dismiss 9
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
Case 3:22-cv-00027-SLG-KFR   Document 100   Filed 03/10/23   Page 9 of 10

Accordingly, as it relates to repayment of the AGS Note, the Court recommends that Defendants' request to reduce its security for maritime lien claims[55] be denied.

## IV. Conclusion

Plaintiffs' Amended Complaint contains allegations that on their face are sufficient to state a claim for breach of the AGS Note under Rule 12(b)(6). Furthermore, there is also no basis to reduce the previously-ordered security. For the reasons stated above, the Court recommends that Defendants' Motion to Dismiss at Docket 71 be **DENIED** in its entirety.

DATED this 9th day of March, 2023, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

### NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[56] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[57]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[58] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[59]

---

[55] Doc. 71 at 4.
[56] 28 U.S.C. § 636(b)(1)(B).
[57] 28 U.S.C. § 636(b)(1)(C).
[58] *Id.*
[59] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Order on 12(b)(6) Motion to Dismiss 10
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
Case 3:22-cv-00027-SLG-KFR Document 100 Filed 03/10/23 Page 10 of 10