IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KANAWAY SEAFOODS, INC., d/b/a Alaska General Seafoods, a Delaware corporation; and LIBERTY PACKING, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC PREDATOR, AK Registration No. AK3565AN, its engines, machinery, appurtenances, etc., *in rem*; BRYAN HOWEY, *in personam*; DANA HOWEY, *in personam*; and ALASKA WILD EXPORTS, LLC, *in personam*,<br><br>Defendants. | Case No. 3:22-cv-00027-JMK-KFR<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION** |

Before the Court are Defendants' (1) Motion to Dismiss for Lack of Jurisdiction in Admiralty Re: "Advances" for Temporary Limited Entry Permits at Docket 66 and (2) Motion to Dismiss for Lack of Jurisdiction Re: Rule D "Petitory Action" and Under Preferred Ship Mortgage Act at Docket 76 (together, the "Motions"). Plaintiffs responded in opposition at Dockets 77 and 82. Defendants replied at Dockets 80 and 84. The Motions were referred to the Honorable Magistrate Judge Kyle F. Reardon. At

Docket 87, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Motions be denied. Defendants objected to the Report and Recommendation at Docket 88, to which Plaintiffs replied at Docket 95.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)(C)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

The Court has considered de novo Defendants' objections and finds as follows:

Objection #1 relates to the Magistrate Judge's finding that Defendants' arguments concerning state laws governing the possession and transfer of limited entry permits are irrelevant to subject matter jurisdiction.[4] Defendants assert that Alaska has "exclusive jurisdiction over all legal issues related to limited entry permits," and therefore

---

[1] 28 U.S.C. § 636(b)(1)(C).
[2] *Id.*
[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[4] Docket 88 at 2; Docket 87 at 14.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*   Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation   Page 2
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 2 of 10

"Alaska individual limited entry permits fall outside federal maritime law."[5] Defendants' objection is overruled. Federal jurisdiction over AGS's lien claim hinges on whether the funds loaned by AGS to the Howeys were used for "necessaries" under 46 U.S.C. § 31342, such that a maritime lien exists against the PACIFIC PREDATOR.[6] The Magistrate Judge concluded, and this Court agrees, that maritime jurisdiction is proper over AGS's claims because AGS's funds were advanced and used for "necessaries" for the PACIFIC PREDATOR, including the limited entry permits. Defendants do not take issue with this finding in Objection #1; instead, they object to the Magistrate Judge's reasoning that Alaska laws governing limited entry permits do not alter this Court's maritime jurisdiction.[7] That finding is plainly correct. This case does not involve a conflict between Alaska law and federal maritime law—AGS's maritime lien is asserted against the Vessel, not the limited entry permits themselves—therefore, Alaska laws imposing restrictions on the possession and transfer of limited entry permits are inconsequential to the Court's jurisdictional analysis.[8] Because the Amended Complaint adequately asserts that AGS has a maritime lien under § 31342, jurisdiction is proper over AGS's lien claim, and state laws relating to limited entry permits do not alter this result.

Objections #2 and #3 are related to the Court's jurisdiction over Plaintiff Liberty Packing LLC's ("Liberty") lien claim and the Court considers them together.

---

[5] Docket 88 at 2.
[6] 46 U.S.C. § 31342 ("[A] person providing necessaries to a vessel . . . has a maritime lien on the vessel . . . [and] may being a civil action in rem to enforce the lien . . . .").
[7] Docket 87 at 14.
[8] Docket 64 at 9.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*   Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation   Page 3
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 3 of 10

Objection #2 concerns whether "Plaintiffs need only assert the right to possess the Vessel" to establish jurisdiction under Supplementary Admiralty Rule D.[9] Objection #3 relates to the Magistrate Judge's declination to consider Defendants' Motion to Dismiss under the Preferred Ship Mortgage Act.[10] Defendants argue that the Court must consider this basis for jurisdiction "[i]f the other bases for asserting maritime jurisdiction are dismissed."[11] These objections are sustained in part and overruled in part.

The Amended Complaint seeks "petitory relief under Supplemental Admiralty Rule D."[12] Plaintiffs argue that, despite the language in the Amended Complaint they bring a possessory, rather than a petitory, action under Rule D.[13] "[A]dmiralty has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of possession."[14] "A possessory action 'is brought to *reinstate* an owner of a vessel who alleges wrongful deprivation of property. This statement indicates that the action is one to recover possession rather than to obtain original possession.'"[15] The

---

[9] Docket 88 at 3–5; Docket 87 at 19.
[10] Docket 88 at 5; Docket 87 at 21.
[11] Docket 88 at 5.
[12] Docket 64 at 2.
[13] Docket 82 at 7 n.6, 8.
[14] *Gallagher v. Unenrolled Motor Vessel River Queen*, 475 F.2d 117, 119 (5th Cir. 1973); *see also Schatek v. Tsui,* No. 2:10-cv-1562-GEB-JFM (PS), 2010 WL 5169006, at *1 (E.D. Cal. Dec. 14, 2010) ("It is well settled that the admiralty jurisdiction of federal courts extends to petitory and possessory suits concerning vessels."); *N. Ins. Co. of New York v. 1996 Searay Model 370DA Yacht*, 453 F. Supp. 2d 905, 911 (D.S.C. 2006) ("A suit to try title to or possession of a vessel wrongfully taken has long been considered within the jurisdiction of admiralty courts.").
[15] *Turner v. One 2019 76 Foot Sunseeker Sport Yacht*, No. 19-62670-CIV-ALTONAGA, 2020 WL 13647721, at *4 (S.D. Fla. Feb. 13, 2020) (quoting *Silver v. Sloop Silver Cloud*, 259 F. Supp. 187, 191 (S.D.N.Y. 1966)); *see also Schatek*, 2010 WL 5169006, at *1 (quoting *Privilege Yachting, Inc. v. Teed*, 849 F. Supp. 298, 301 (D. Del. 1994) ("A possessory action permits a party to adjudicate the right to possession of property that has been wrongfully taken."); *Tietjen & Lang*

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*  Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation  Page 4
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 4 of 10

Magistrate Judge erred by finding that jurisdiction was proper under Rule D when Plaintiff Liberty asserted the right to possess the Vessel without averring prior possession.[16] Defendants' Objection #2 is sustained to this effect. Plaintiff Liberty was never in physical possession of the Vessel nor did it acquire legal title to the Vessel such that it constructively possessed the Vessel.[17] Therefore, because Plaintiff Liberty's claim is to obtain, rather than recover, possession of the Vessel, there is no basis for a possessory action under Rule D.[18] Defendants' Motion to Dismiss for Lack of Jurisdiction is therefore GRANTED as to Liberty's claims for petitory or possessory relief under Supplemental Rule D.[19]

The only other basis for admiralty jurisdiction over Liberty's lien claim identified in the Amended Complaint is the Preferred Ship Mortgage Act, 46 U.S.C. § 31322 and § 31325.[20] Defendants "requested dismissal of those jurisdictional claims, as all parties are aware that there is no Preferred Ship Mortgage at issue in this case."[21] Plaintiffs did not oppose Defendants' dismissal request.[22] Plaintiffs concede that there is

---

*No. 2*, 53 F. Supp. 459, 461 (D.N.J. 1944) ("Possessory suits may be brought in all cases to reinstate the owners of ships who have been wrongfully deprived of their property.").
 [16] Docket 87 at 19; Docket 64 at 9.
 [17] *Barsom v. P/V AQUIDNECK FERRY*, No. CA 12-808 S, 2013 WL 5447551, at *3 (D.R.I. Sept. 30, 2013) (holding that "since Plaintiff alleges that he has both legal title and a claim to possession," plaintiff adequately established possessory jurisdiction under Rule D); *Offshore Exp., Inc. v. Bergeron Boats, Inc.*, 1977 WL 6476159 (E.D. La. Oct. 5, 1977) (finding that right of possession stemming from a transfer of legal title amounted to constructive possession, which the Court "deem[ed] to be adequate for purposes of the requirement of prior possession").
 [18] *Silver*, 259 F. Supp. at 191 ("The additional cases cited by plaintiff are no authority for the proposition that one never in possession may bring a possessory action. It would therefore seem that there is no basis for a possessory action.").
 [19] The Magistrate Judge correctly concluded that the Amended Complaint does not assert a right to title against the Vessel to support petitory relief. Docket 87 at 18.
 [20] Docket 64 at 2.
 [21] Docket 84 at 3.
 [22] *See* Docket 82.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*     Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation     Page 5
Case 3:22-cv-00027-JMK-KFR    Document 110    Filed 05/30/23    Page 5 of 10

no Preferred Ship Mortgage against the Pacific Predator and that they mistakenly cited 46 U.S.C. § 31322 in their Amended Complaint.[23] The Magistrate Judge erred by ruling on supplemental jurisdiction without first addressing each of Plaintiffs' asserted bases for original jurisdiction.[24] Defendants' Objection #3 is sustained. Defendants' Motion to Dismiss is GRANTED as to Plaintiff Liberty's claims under the Preferred Ship Mortgage Act. The Court finds that admiralty jurisdiction is lacking over Plaintiff Liberty's lien claims.

Plaintiffs assert that Liberty is entitled to "foreclose on its lien rights against the assets covered in the Loan Agreement, including the Vessel *in rem*, and to execute upon, sell, or take possession of the vessel under Ch. RCW 62A.9A *and* Supplemental Admiralty Rule D."[25] The Court must therefore decide whether there is subject matter jurisdiction over Liberty's state law lien claim. The Magistrate Judge found that two additional bases of federal jurisdiction exist over Liberty's claims—diversity jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367.[26] Although Plaintiffs conceded that they did not plead diversity jurisdiction in their Amended Complaint, the Magistrate Judge found "this fact is not dispositive so long as sufficient facts are alleged upon which the Court may determine jurisdiction."[27] The Magistrate Judge then concluded that Plaintiffs had met their burden of establishing jurisdiction by

---

[23] Docket 95 at 6.
[24] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157 (1997) ("The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking.").
[25] Docket 64 at 9 (emphasis added).
[26] Docket 87 at 20.
[27] *Id*.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.* Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation Page 6
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 6 of 10

alleging the essential elements of diversity in their Amended Complaint.[28] This Court reaches the opposition conclusion.

The party seeking to invoke diversity jurisdiction has the burden of pleading sufficient facts to establish diversity of citizenship.[29] "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.[30] To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.[31] A corporation is a citizen of its place of incorporation and the location of its principal place of business.[32] A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens."[33] The Amended Complaint alleges that AGS is a corporation "organized under the laws of the State of Delaware," but does not identify the location of AGS's principal place of business.[34] The Amended Complaint alleges that Liberty and Alaska Wild Exports LLC are LLCs "operating under the laws of" Washington and Alaska, respectively, but includes no information regarding the citizenship of the members of these LLCs.[35] Finally, the Amended Complaint asserts that defendants Bryan and Dana Howey are "residents" of Alaska.[36] The diversity jurisdiction statute "speaks of citizenship, not of residency;" therefore, an allegation regarding an individual's

---

[28] *Id.* at 21.
[29] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016).
[30] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).
[31] *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).
[32] 28 U.S.C. § 1332(a)(1).
[33] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).
[34] Docket 64 at 2.
[35] *Id.* at 2–3.
[36] *Id.* at 3.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*  Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation  Page 7
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 7 of 10

residence is not sufficient to establish citizenship.[37] Plaintiffs failed to carry their burden of pleading diversity of citizenship and therefore the Court does not have diversity jurisdiction over Plaintiff Liberty's state law lien claim.

Notwithstanding, the Court concurs with the Magistrate Judge's finding that supplemental jurisdiction exists over Liberty's state law lien claim because it arises from the same set of facts as AGS's lien claim, which invokes this Court's original jurisdiction.[38] The Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[39] Claims form part of the same case or controversy if they arise from a common nucleus of operative fact and if they would normally be tried together.[40] Here, AGS's maritime lien claims and Liberty's state law lien claims derive from a common nucleus of operative fact because they "arose out of the same transaction or occurrence" and relate to the same Vessel.[41] Liberty entered into an agreement to loan the Howeys $800,000 and, in exchange for this loan, the Howey entered into a Fishing Agreement with AGS.[42] The loan agreement granted Liberty a security interest in the Vessel.[43] To comply

---

[37] *Warner-Lambert*, 265 F.3d at 857.
[38] *Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1220 (9th Cir. 2007) (affirming exercise of supplemental jurisdiction over claims related to admiralty claims); *Cooper v. Bozinoff*, No. 3:18-cv-00283-SLG, 2019 WL 13211823, at *3 (D. Alaska Nov. 27, 2019) (exercising supplemental jurisdiction over state law claims connected to admiralty claims and noting, "Because jurisdiction *in rem* in admiralty is exclusive to the federal courts, this Court may be better situated to hear all of Mr. Cooper's claims.").
[39] 28 U.S.C. § 1367(a).
[40] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).
[41] *Mar. v. Mortg. Elec. Registration Sys., Inc.*, 659 F. App'x 383, 385 (9th Cir. 2016).
[42] Docket 64 at 3.
[43] *Id.*

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*          Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation      Page 8
Case 3:22-cv-00027-JMK-KFR    Document 110    Filed 05/30/23    Page 8 of 10

with the terms of the Fishing Agreement, Defendants needed to obtain certain "necessaries" for the Vessel, including limited entry fishing permits.[44] AGS advanced funds to Defendants on the credit of the Vessel for these "necessaries," giving rise to a maritime lien under 46 U.S.C. § 31342.[45] Accordingly, the Court finds that AGS's maritime lien and Liberty's state law lien are so related that they form part of the same and, as such, the Court will exercise supplemental jurisdiction over Liberty's lien claim.[46] Defendants' Motion to Dismiss for Lack of Jurisdiction is therefore DENIED as to Liberty's state law lien claim.

Objection #4 relates to Judge Reardon's finding that the limited entry permits were "necessaries" even though they were provided to Mr. Howey rather than to the Vessel.[47] Defendants argue that, in *Bradford Marine, Inc. v. M/V Sea Falcon*, which the Magistrate Judge cited in his Report and Recommendation, the Eleventh Circuit found that attorneys' fees were not "necessaries" because "the legal services were not provided to the [Vessel]; rather, they were provided to [the Vessel's owner] to aid it in pursuing is claim."[48] Defendants' objection is overruled. The Court in *Bradford Marine* ruled that the attorney's services "did not help the [Vessel] perform her function . . . [t]hus, it is clear that the legal

---

[44] Docket 66 at 4; Docket 64 at 5–6.
[45] Docket 64 at 5–6.
[46] 28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Court finds that none of these circumstances are present here and Defendants do not argue otherwise. *See* Docket 76; Docket 83.
[47] Docket 88 at 6; Docket 87 at 13.
[48] 64 F.3d 589 (11th Cir. 1996).

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.* Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation Page 9
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 9 of 10

services, which were provided to [the Vessel's owner] to help it pursue its case, are not 'necessaries.'"[49]  By contrast, the limited entry permits at issue here were required for the PACIFIC PREDATOR to perform its function of catching fish and, as such, are "necessaries."[50]  Contrary to Defendants' assertions, although the *Bradford Marine* Court noted that the attorney's services were provided to the Vessel owner and not the Vessel, it did not hold that this fact was determinative in the "necessaries" analysis.[51]  Therefore, while the limited entry permits may have been in Mr. Howey's name, the Magistrate Judge adequately explained why they meet the definition of a "necessary."[52]

The Magistrate Judge recommended that the Court deny the Motions at Dockets 66 and 76.  The Court has reviewed the Report and Recommendation and adopts it in part and declines to adopt it in part in accordance with this Order.  Accordingly, IT IS ORDERED that the Motion at Docket 66 is DENIED.  The Motion at Docket 76 is GRANTED IN PART AND DENIED IN PART.  Plaintiff Liberty's claims under Rule D and under the Preferred Ship Mortgage Act are dismissed for lack of jurisdiction.  The Court has supplemental jurisdiction over Plaintiff Liberty's state law lien claim.

IT IS SO ORDERED this 30th day of May, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] Docket 87 at 10–14.

*Kanaway Seafoods, Inc., et al. vs. Pacific Predator, et al.*　　　　　Case No. 3:22-cv-00027-JMK
Order Adopting in Part and Declining to Adopt in Part Report and Recommendation　　　Page 10
Case 3:22-cv-00027-JMK-KFR   Document 110   Filed 05/30/23   Page 10 of 10