|     |                                              |                                 |
| --- | -------------------------------------------- | ------------------------------- |
| 1   | **IN THE UNITED STATES DISTRICT COURT**      |                                 |
| 2   | **FOR THE DISTRICT OF ALASKA**               |                                 |

KANAWAY SEAFOODS, INC., et al.,

     Plaintiffs,

  v.

PACIFIC PREDATOR, et al.

     Defendants.

Case No. 3:22-cv-00027-JMK-KFR

**FINDINGS AND RECOMMENDATIONS ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

The Court recommends Defendants' Motion for Summary Judgment at Docket 91 be **DENIED**. In considering the facts and drawing reasonable inferences in favor of the non-moving party, Defendants have not met their burden of proving the absence of genuine issues of material fact. Rather, the claims Defendants raise appear to be hotly contested and the disputed facts are well-suited for the trier of fact to determine. Summary judgment is inappropriate at this time.

**I.  Relevant Proffered Facts**[1]

  Starting in 2019, Defendants Dana and Bryan Howey entered into a series of agreements with Plaintiffs Liberty Packing LLC ("Liberty"), and Kanaway Seafoods Inc. ("Kanaway"), doing business as Alaska General Seafoods ("AGS"). On or about April 17, 2019, the Howeys entered into a Loan and Security Agreement with Liberty ("the Loan Agreement").[2] Under the Loan Agreement, Liberty loaned $800,000 to the Howeys in order to pay off the outstanding balance on another loan from ALPS Federal Credit Union.[3] In exchange for this loan from Liberty, the Howeys agreed to

---

[1] The Relevant Proffered Facts are limited to those facts necessary to decide the motion before the Court. The Court does not intend for the Relevant Proffered Facts to constitute binding findings of fact should this matter proceed to trial.
[2] Doc 64-1.
[3] Doc. 64 at 3.

enter into a Fishing Agreement with AGS to deliver and sell seafood products to AGS for a fixed period.[4] The Liberty loan was further documented by a Promissory Note reciting loan terms dated April 17, 2019 ("the Liberty Note").[5]

On or about June 30, 2019, Bryan Howey entered into a Promissory Note with AGS documenting a loan from AGS to Howey in the amount of $23,949.32 ("the AGS Note").[6] In addition to the AGS Note, AGS loaned Bryan Howey and the Pacific Predator ("the Vessel"), a 58-foot seiner used by Defendants to commercially fish Alaskan waters, additional sums between 2019 and 2021 on an "open account," to be repaid under standard AGS terms and conditions, which included interest on the open amounts at 10% per annum ("AGS Open Account Loan"). These funds were loaned on the credit of the Vessel and some of these funds were used by Bryan Howey for necessaries of the Vessel, including but not limited to a vessel permit lease.[7]

As to each of these loans, Plaintiffs allege in their Amended Complaint that Defendants have failed to comply with their terms. According to Plaintiffs, the Howeys, individually and through their company Alaska Wild Exports, LLC. ("AWE"), allegedly defaulted on the obligations under the Liberty Loan Agreement and Liberty Note by failing to make agreed principal and interest payments, and failing to register the Vessel in Washington and provide documentation of that registration to Liberty.[8] Plaintiffs contend that these, and other acts and omissions of Defendants, constitute default under both the Loan Agreement and Liberty Note.[9] Plaintiffs state that as of January 14, 2022, the principal due on the Liberty Loan was $746,666.67, and that the accrued interest as of February 1, 2022, was $113,166.62, which continues to accrue at a rate of $368.22 per day.[10]

---

[4] *Id*.
[5] *Id*. at 4.
[6] *Id*. at 5.
[7] *Id*.
[8] *Id*.
[9] *Id*.
[10] *Id*.

Report and Recommendation on Motion for Summary Judgment 2
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Regarding the AGS matters, Plaintiffs claim that Bryan Howey never repaid the AGS Note nor fully repaid the AGS Open Account Loan. Plaintiffs allege that Bryan Howey failed to repay the sums loaned to him under the AGS Note by September 30, 2019, and that the $23,949.32 balance on the AGS Note remains unpaid with interest continuing to accrue.[11] In addition, Plaintiffs state that by making deliveries of fish to AGS, Bryan Howey repaid a total of $326,644.13 toward the AGS Note and AGS Open Account Loan.[12] The result, Plaintiffs allege, is that the unpaid balance on these two AGS loans is $115,953.48, which continues to accrue interest.[13] Plaintiffs further state that AGS advanced additional sums after 2021 for necessaries of the Vessel, and that the sums from the AGS Open Account Loan that remain unpaid were advanced and used for necessaries of the Vessel.[14]

## II. Procedural History and Motion Presented

On February 23, 2022, Liberty and Kanaway filed a complaint, *in rem* and *in personam*, against the Howeys, AWE, and the Vessel. This complaint alleged breach of contract and promissory note, and corporate disregard by Defendants; sought to foreclose maritime liens; and sought a warrant to arrest the Vessel, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Admiralty Rule").[15]

This Court issued a warrant for the arrest of the Vessel on March 16, 2022.[16] Upon the execution of the arrest warrant, the Howeys and AWE filed a motion for a hearing to either vacate the arrest pursuant to Admiralty Rule E(4)(f), or set the amount of a special bond to secure the release of the Vessel under Admiralty Rule

---

[11] *Id.*
[12] *Id.* at 7.
[13] *Id.*
[14] *Id.*
[15] Docs. 1 and 3.
[16] Doc. 7.

Report and Recommendation on Motion for Summary Judgment   3
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 3 of 15

E(4)-(5).[17] The Court heard argument on the motion on May 3, 2022,[18] and ordered additional briefing on the matter.

On July 29, 2022, the Court denied the motion to vacate the arrest, and granted the motion to set a special bond in the amount of $148,000 to secure the release of the Vessel. In that order, the Court found that maritime liens existed, thus creating subject matter jurisdiction over Plaintiffs' claims. The Court declined at that time to issue a ruling on the strength of Defendants' argument that a "maritime lien cannot attach to a limited entry permit," and whether $46,964.32 of the unpaid balance, plus interest, must be discounted from the bond amount.[19]

Plaintiffs filed an Amended Complaint on September 7, 2022.[20]

On September 25, 2022, Defendants filed a motion to dismiss a portion of the Amended Complaint, under Fed. R. Civ. P. 12(b)(1), for lack of admiralty jurisdiction. The portion Defendants sought to have dismissed involved a claim relating to money loaned by AGS to Defendants that was used to pay for the temporary emergency transfer of Alaska state limited entry fishing permits.[21] The motion also sought to reduce the Court's previously-ordered special bond under Admiralty Rule E(6) by the amount of the money advanced for the permits.[22] Plaintiffs responded in opposition, and Defendants replied.[23]

The Court recommended this motion be denied because Plaintiffs' Amended Complaint contained allegations sufficient to invoke federal jurisdiction.[24] Specifically, as it related to money advanced by Plaintiffs for Defendants' purchase of three limited entry fishing permits, maritime jurisdiction under 46 U.S.C. § 31342

---

[17] Doc. 15.
[18] Doc. 28.
[19] Doc. 52.
[20] Doc. 64. The Amended Complaint included an itemized accounting of the losses alleged by Plaintiffs. All of the original claims remained unchanged.
[21] Doc. 66.
[22] *Id.*
[23] Docs. 77 and 80.
[24] Doc. 87.

Report and Recommendation on Motion for Summary Judgment    4
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 4 of 15

existed because these permits could properly be considered necessaries essential for the operation of Defendants' commercial fishing enterprise.[25] The District Court agreed and adopted the Report and Recommendation, thereby denying Defendants Motion to Dismiss under 12(b)(1).[26]

Shortly after, Defendants filed a second motion to dismiss, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim regarding the AGS Note and for an award of attorney's fees and costs, along with another Admiralty Rule E(6) Motion to reduce security and costs.[27] Plaintiffs responded in opposition and Defendants replied.[28] The Court recommended this motion be denied because Plaintiffs' Amended Complaint contained allegations that on their face sufficiently stated a claim for breach of contract.[29] The District Court agreed and adopted the Report and Recommendation denying Defendants' Motion to Dismiss under 12(b)(6).[30]

Defendants then filed a third motion to dismiss, under Fed. R. Civ. P. 12(b)(1), for lack of admiralty jurisdiction regarding Rule D "Petitory Action" and under the Preferred Ship Mortgage Act, which Plaintiffs opposed.[31] The Court recommended this motion be denied because Plaintiffs' action for possession of the Vessel was a proper basis for jurisdiction pursuant to Admiralty Rule D.[32] The District Court granted Defendant's Motion to Dismiss as it related to Liberty's claim for petitory or possessory relief under Supplemental Admiralty Rule D, finding Liberty was never in physical possession of the Vessel nor did it acquire legal title to the Vessel such that it constructively possessed the Vessel.[33] Additionally, the District Court granted Defendant's motion to dismiss as it related to Liberty's claims under the Preferred

---

[25] *Id.*
[26] Doc. 110 at 10.
[27] Doc. 71.
[28] Docs. 78 and 81.
[29] Doc. 100.
[30] Doc. 106.
[31] Docs. 76, 82, and 83.
[32] Doc. 87.
[33] Doc. 110 at 5.

Report and Recommendation on Motion for Summary Judgment     5
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 5 of 15

1  Ship Mortgage Act, finding no admiralty or diversity jurisdiction existed over
2  Liberty's lien claims.[34] However, the District Court denied Defendant's Motion to
3  Dismiss as it related to Liberty's state law lien claim finding that the Court has
4  supplemental jurisdiction over this claim because AGS's maritime lien and the
5  Liberty state law lien are so closely related that they form part of the same
6  controversy.[35]

7  Prior to any of the above decisions from the District Court regarding
8  Defendants' three motions to dismiss, Defendants filed this Motion for Summary
9  Judgment against AGS.[36] In addition to repeating their argument that no maritime
10 lien exists against the Vessel, Defendants raise "three major errors" regarding AGS's
11 debt claim.[37] First, Defendants fault AGS for the way it prioritized the loan
12 repayment and claim that the AGS Promissory Note was paid in full by performance
13 by 2019. Second, Defendants claim that AGS made an "unauthorized overpayment"
14 toward the Liberty loan by keeping that loan current. Finally, Defendants claim AGS
15 "underpaid" Defendants by at least $42,392.12 in 2021. Plaintiffs responded in
16 opposition,[38] and Defendants replied.[39]

17 The Court considers all filings related to Defendants' Motion for Summary
18 Judgment in issuing this Report and Recommendation to the District Court. The
19 matter is fully briefed and the Court finds that oral argument is not necessary.
20 //
21 //
22 //
23 //

---

[34] Doc. 110 at 6.
[35] Doc. 110 at 9.
[36] Doc. 91. In support of their Motion for Summary Judgment Defendants filed three declarations, and an Errata. *See* Dockets 92-94, 97.
[37] Doc. 91 at 4, 6.
[38] Doc. 98. Plaintiffs also filed one supporting declaration. *See* Docs. 99.
[39] Doc. 104. Defendants also filed two supporting declarations. *See* Docs. 102-103.

Report and Recommendation on Motion for Summary Judgment    6
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 6 of 15

### III. Applicable Law

#### a. Motion For Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[40] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[41] The non-moving party may not rely on mere allegations or denials.[42] Rather, that party must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[43]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[44] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[45] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[46]

### IV. Discussion and Analysis

In addition to repeating their argument that no maritime lien exists against the Vessel, Defendants raise "three major errors" in their motion regarding AGS's debt claim.[47] First, Defendants fault AGS for the way it prioritized the loan

---

[40] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[42] *Id.*
[43] *Id.* citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968).
[44] *Id.* at 255 citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).
[45] *Anderson*, 477 U.S. at 248.
[46] *Id.* at 249.
[47] Doc. 91 at 4, 6.

Report and Recommendation on Motion for Summary Judgment 7
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 7 of 15

repayment and claim that the AGS Promissory Note was paid in full by performance by 2019. Second, Defendants claim that AGS made an "unauthorized overpayment" toward the Liberty loan by keeping that loan current. Lastly, Defendants claim AGS "underpaid" Defendants by at least $42,392.12 in 2021.[48]

### a. Maritime Lien

Defendants re-assert prior arguments made in this case that AGS has no maritime lien against the Vessel based on the AGS Open Account Loan and the AGS Note.[49] Defendants contend that their previously filed motions to dismiss support their argument.

Plaintiffs counter that AGS has a valid maritime lien claim against the Vessel, that the court's previous ruling supports that understanding, and that nothing else has changed as to this claim, except that AGS has confirmed that its presentation on those claims remains accurate.[50]

This Court has already twice made findings and recommended[51] that Plaintiff AGS sufficiently asserted that a maritime lien exists in this case, and the District Court has adopted those findings and recommendations.[52] While the District Court adopted in part Defendants' motion to dismiss at Docket 76 for lack of jurisdiction as it relates to Liberty's claims under Rule D and under the Preferred Ship Mortgage Act and accepted supplemental jurisdiction over Liberty's state law lien claim, those issues do not impact Defendants' argument regarding the maritime lien claim that the District Court previously found existed.[53]

In this motion for summary judgment, Defendants have not offered any new or different arguments for the Court to reconsider its previous rulings and have

---

[48] Doc. 91 at 4.
[49] Doc. 91 at 3.
[50] Doc. 98 at 4-5.
[51] *See* Docs. 52, 65, 86, and 87.
[52] In response to Defendants' Motion to Dismiss at Docket 66, the District Court denied claims relating to the maritime lien. *See* Doc. 110. In response to Defendants' Motion to Dismiss at Docket 71, the District Court denied claims relating to the AGS Note. *See* Doc. 106.
[53] Doc. 110.

Report and Recommendation on Motion for Summary Judgment     8
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

failed to meet their burden for this summary judgment motion. The Court finds that there is a genuine issue of material fact between the parties as to this issue and that Defendants are not entitled to judgment as a matter of law. The Court will not belabor the point further and directs Defendants to its previous rulings.

### b. AGS Promissory Note Balance

Defendants argue that they paid the AGS Note in full by performance by the "the summer of 2019" through the delivery of fish in accordance with the Note terms.[54] Therefore, Defendants claim, "the entry in the Open Account in the amount of $23,949.32 on July 12, 2019, is incorrect."[55] In support of their motion, Defendants incorporated by reference arguments contained in their motion to dismiss under Rule 12(b)(6), as did Plaintiffs in their opposition. Defendants motion to dismiss under 12(b)(6) has since been denied by the District Court.[56] Nonetheless, the arguments Defendants made in their motion to dismiss under Rule 12(b)(6) are summarized as follows:

**1.** In accordance with its terms, the AGS Note was paid for by performance as of August 16, 2019.[57]

**2.** The unpaid balance in the AGS Note was "counted twice."[58]

**3.** AGS waived its right to payment from Bryan Howey because "AGS and Liberty [] vigorously assert they are completely independent entities. Therefore, $23,949.32 in fishing proceeds AGS did not take to pay off the note has been waived[.]"[59]

**4.** None of the agreements permit AGS to disregard the terms of its promissory note.

---

[54] Doc. 91 at 19.
[55] Doc. 91 at 4.
[56] Doc. 106.
[57] Doc. 71 at 3-4.
[58] Id. at 4.
[59] *Id.* at 7.

Report and Recommendation on Motion for Summary Judgment 9
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 9 of 15

**5.** Defendants are entitled to attorney's fees and expenses of defense.[60]

Plaintiffs deny all allegations made by Defendants as to this claim and maintain that the Amended Complaint sufficiently alleges that Plaintiff AGS loaned Bryan Howey $23,949.32, that this loan was not paid by the due date, and that it remains unpaid, accruing interest and costs.[61]

Further, Plaintiffs argue that AGS did not prioritize repayment of the AGS Note since it was secured by a maritime lien against the Vessel as an advance for necessaries.[62] According to Plaintiffs, "[o]nce the [AGS] Note went into default, that priority did not change … since the Vessel has been in a negative debt position since the end of the 2019 season, there has never been sufficient funds to pay off all the sums due, including the AGS Note."[63] Plaintiffs go on to argue that "[s]imply because Defendants would prefer that AGS applied fishing credits in a certain way does not make it so – and it certainly does not present an issue of undisputed fact."[64] Plaintiffs cite Washington law[65] to argue that, "absent an agreement to the contrary, a creditor "may apply payments to any part of the debt, as he sees fit"[66] … even with different types of debts owed to the same creditor."[67]

The inquiry under the summary judgment standard is whether the evidence

---

[60] Id. at 7-8.
[61] Doc. 78 at 6; Doc. 98 at 8.
[62] Doc. 98 at 7.
[63] *Id.*
[64] *Id.*
[65] Washington law is cited since the AGS Note, as well as the Fishing Agreement and Liberty Loan documents, all agree on the application of Washington law. Even so, Alaska law is in accord on this issue, permitting a creditor to apply payments at its discretion unless there is an agreement otherwise. *See, e.g., Black v. Whitestone Estates Condo. Homeowners' Ass'n*, 446 P.3d 786, 792 (Alaska, 2019).
[66] *Oakes Logging, Inc. v. Green Crow, Inc.*, 66 Wn. App. 598, 601, 832 P.2d 894 (1992); *See also, LRS Elec. Controls v. Hamre Constr.*, 153 Wn.2d 731, 743, 107 P.3d 721, 727 (2005) (same); *Armour & Co. v Becker*, 167 Wash. 245, 248-49, 9 P.2d 63 (1932) ("the seller had the legal right to apply the credits of payments as desired.")
[67] *See United States Fid. & Guar. Co. v. Feenaughty Mach. Co.*, 197 Wash. 569, 579, 85 P.2d 1085, 1090 (1939) ("It is not necessary that the debts be of the same character; so where one is due on a note and the other on a running account, the creditor may apply a payment to either.")

Report and Recommendation on Motion for Summary Judgment   10
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 10 of 15

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.[68] The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.[69]

The Court finds that Defendants' claim regarding the balance of the AGS Note is clearly disputed, as is the argument over which entity should have been credited first upon the delivery of fish. Defendants argue they paid the AGS Note off in full as of the summer of 2019, specifically August 16, 2019, by delivering fish in accordance with the AGS Note terms. To the contrary, Plaintiff's claim that Defendants did not pay off the AGS Note in full, and that they remain in debt and overdue on payment. Considering the facts in favor of the non-moving party, there is a sufficient disagreement of material fact regarding payment of the AGS Note that requires submission to a jury, and the Court find this issue "is [not] so one-sided that one party must prevail as a matter of law.[70]

### c. August 2019 Loan Payment to Plaintiff Liberty is Disputed

Defendants claim that AGS transferred to Liberty "far more than it was authorized to transfer" to pay off the Liberty Note.[71] Specifically, "AGS debited the Open Account on August 31, 2019 for $72,150.76 for the transfer to [Plaintiff Liberty,]" however, "AGS was only authorized to transfer a maximum of $29,743.75, and exceeded its authority by $42,407.01."[72] In other words, Defendants claim that AGS was only authorized to deduct 25% from gross proceeds from delivery of seafood product to pay Plaintiff Liberty on the Liberty Note.[73] Defendants interpret Liberty's actions as an advance to "help(sic) Defendants pay their loan to Liberty;" however, Defendants claim this was no help, rather it was in violation of the Liberty

---

[68] *Anderson*, at 251–52.
[69] *Id.*
[70] *Id.*
[71] Doc. 91 at 7.
[72] Doc. 91 at 7.
[73] *Id.*

Report and Recommendation on Motion for Summary Judgment    11
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 11 of 15

Note terms and "the mechanism by which [Plaintiffs] could give the appearance that [Defendants] were in debt on the mutual Open Account, accrue interest on the alleged debt, and manufacture a maritime lien claim for [Plaintiff] AGS."[74]

Plaintiffs assert that the loan payment to Liberty was proper and authorized.[75] Plaintiffs assert that "by making payment on the Liberty loan, AGS was not increasing the debt owed by [Defendant,]" rather, Plaintiffs were complying with the explicit terms of the Liberty Note which "permitted an automatic deduction that would not be considered when evaluating addition loan requests that year."[76] Plaintiffs contend that the "only practical effect of AGS's payment was that it kept Defendants from defaulting on the Liberty Loan."[77]

According to Plaintiffs, the Liberty Note shows that the Parties agreed: (1) that an automatic 25% deduction from gross proceeds will be applied to the Liberty Loan ("Fishing Proceeds Payments") and (2) additional payments ("other than Fishing Proceeds Payments") shall be made either by direct payment by Defendants or "out of funds owed to Borrower for Delivery of Seafood Products …"[78] Plaintiffs argue that the Liberty Note language "unambiguously authorizes the deduction of 25% toward the Liberty Loan **and** the payment of any additional balance due by using funds owed from fish deliveries."[79]

The Court finds that there is a clear dispute about a genuine issue of material fact as it relates to the interpretation of the Liberty Note. Specifically, whether AGS' debit of the Open Account on August 31, 2019 for $72,150.76 was an "unauthorized overpayment"[80] as Defendants claim, or merely consistent with the Liberty Note terms as Plaintiffs argues. Therefore, Defendants have not met their burden in

---

[74] Doc. 91 at 7-8. Doc. 64-2.
[75] Doc. 98 at 13.
[76] Doc. 98 at 14; Doc. 64-2.
[77] Doc. 98 at 14.
[78] *Id.* at 15.
[79] Doc. 98 at 15 (emphasis in original).
[80] Doc. 91 at 7.

Report and Recommendation on Motion for Summary Judgment 12
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR   Document 115   Filed 08/04/23   Page 12 of 15

proving the absence of a genuine dispute of material fact and the Court finds that summary judgment in favor of Defendants is inappropriate at this time.

### d. Whether or Not Plaintiff's Underpaid Defendants is Disputed

Defendants claim that AGS underpaid them by between $42,392.12 and $49,403.42 for fish they delivered in 2021.[81] The $7,011.30 difference reflects whether or not "dock delivery is added for the Sitka deliveries."[82] In support of their argument and in order to account for the number of pounds they delivered "of each specie, where it was delivered to, and the price[,]"[83] Defendants submit official data for 2021 landings from the State of Alaska Department of Fish and Game, after Plaintiff allegedly ignored Defendants' request for the information.[84] Defendants explain how the price is calculated for each specie of salmon and argue they should have been credited an additional $42,392.12 or $49,403.42 for fish they delivered in 2021.[85]

Defendants further assert that in 2022, Bryan Howey received a statement from Sitka Sound Seafoods for a post-season price adjustment for pink salmon delivered in 2021, reflecting a six cent per pound increase. Defendants contend that AGS never applied this price adjustment to their pink salmon deliveries to Ketchikan but assert that AGS did apply the "retro" credit to another fisherman delivering pink salmon to Ketchikan. As a result of the unapplied price adjustment and previously owed balance, Defendants maintain that Plaintiffs owe Defendants another $3,537.99 in fishing credits, bringing the total owed up to $58,101.26.[86]

Simply put, Plaintiffs claim that Defendants' assertion that Plaintiffs incorrectly credited them for fish deliveries in 2021 is "massively flawed and factually incorrect" which, by itself suggests to the Court that the parties clearly

---

[81] *Id*. at 11.
[82] *Id*. at 14.
[83] *Id*. at 12.
[84] *Id*. at 11.
[85] *Id*. at 13-14.
[86] Doc. 91 at 16.

Report and Recommendation on Motion for Summary Judgment    13
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR    Document 115    Filed 08/04/23    Page 13 of 15

1 dispute this material fact, therefore making summary judgment inappropriate at this time. Specifically, Plaintiffs fault Defendants for submitting inadmissible evidence pertaining to accounting that a defense paralegal prepared in support of Defendants' claim. Plaintiffs assert that Defendants have not provided any information suggesting the paralegal who performed the analysis regarding fish credits "has any qualifications to perform this analysis as an expert witness or otherwise. He is also not a percipient witness and has not relevant knowledge."[87] Therefore, Plaintiffs claim, Defendants' accounting regarding fishing credits is "totally inadmissible and objectionable."[88] In addition, Plaintiffs describe five mistakes in the analysis, which yield incorrect results.[89] Further, Plaintiffs contend that based on the accounting by AGS's Controller, who maintained the records for the Defendants' account, the account statement and amounts included in the Amended Complaint reflect correct pricing credits for Defendants' account.[90]

Based on the pleadings, the Court finds that the fishing credits at issue are material to this litigation and that the parties genuinely dispute how those fishing credits were applied and whether they were applied correctly and that Defendants have not met their burden in proving the absence of a genuine dispute of material fact. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ruling on a motion for summary judgment.[91] Rather, the accounting at issue in this case is appropriate for the trier of fact to consider.

//
//
//

---

[87] Doc. 98 at 9.
[88] *Id*. at 10.
[89] *Id*. at 10-12. Since it is abundantly clear that the parties dispute this claim, the Court will not delve into the details of these mistakes at this time.
[90] Doc. 98 at 12.
[91] *Anderson*, 477 U.S. 255.

Report and Recommendation on Motion for Summary Judgment 14
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al*.

## V. Conclusion

Considering the facts in the light most favorable to the non-moving party, genuine issues of material fact exist as to each of Defendants' claims. Defendants have not met their burden in proving otherwise. Therefore, the Court recommends Defendants' Motion for Summary Judgment be **DENIED**.

DATED this 4th day of August, 2023, at Anchorage, Alaska.

                                  *s/ Kyle F. Reardon*
                                  KYLE F. REARDON
                                  United States Magistrate Judge
                                  District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[92] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[93]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[94] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[95]

---

[92] 28 U.S.C. § 636(b)(1)(B).
[93] 28 U.S.C. § 636(b)(1)(C).
[94] *Id.*
[95] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Report and Recommendation on Motion for Summary Judgment    15
*Kanaway Seafoods, Inc., et al. v. Pacific Predator, et al.*
3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR    Document 115    Filed 08/04/23    Page 15 of 15