KANAWAY SEAFOODS, INC., et al.,

Plaintiffs,

v.

PACIFIC PREDATOR, et al.,

Defendants.

Case No. 3:22-cv-00027-JMK-KFR

---

**REPORT & RECOMMENDATION ON MOTION FOR PARTIAL
SUMMARY JUDGMENT RE LIBERTY LOAN DEFAULT**

Before the Court is a Motion for Partial Summary Judgment re Liberty Loan Default filed by Plaintiff Liberty Packing LLC ("Liberty").[1]  Defendants Pacific Predator, Bryan Howey, Dana Howey, and Alaska Wild Exports LLC ("AWE") filed a response in partial opposition to the Motion,[2] to which Liberty filed a reply.[3]  The Court finds that there is no dispute of material fact that the Howeys defaulted on their long-term loan with Liberty because they failed to make any of their annual loan payments in 2021, 2022, and 2023.  Liberty is entitled to judgment as a matter of law on its loan default claim.  Accordingly, the Court recommends that the Motion be **GRANTED.**

I.      **BACKGROUND**

On April 17, 2019, the Howeys entered into a loan and security agreement ("Loan Agreement") with Liberty; the parties documented the loan by a promissory note ("Note") reciting the loan's terms.[4]  Under the Loan Agreement, Liberty loaned

---

[1] Doc. 144.
[2] Doc. 167.
[3] Doc. 173.
[4] Doc. 145 at 2, ¶ 2.  This agreement was one of several involving the Howeys that are involved in this case.  Because only this first agreement is relevant to the present Motion, the Court does not address the other agreements at this time.

$800,000 to the Howeys so that the Howeys could pay off a prior secured creditor and exit bankruptcy.[5]  In exchange for the loan, the Howeys agreed to enter into a fishing agreement to deliver and sell seafood products to AGS for a fixed period.[6]  Liberty funded the loan in April 2019 by paying the prior secured creditor on behalf of the Howeys.[7]

The Loan Agreement and Note required that the loan be repaid with 15 annual payments to Liberty, due each year on September 30 and with the first payment due on September 30, 2019.[8]  The parties agreed that payments were to consist of 1/15 of the principal loaned, plus any interest accrued as of the payment date.[9]  The parties also agreed that payments were to come from either credits from fishing deliveries made to AGS or from the Howeys directly.[10]  Under the Loan Agreement and Note, any failure to make a full annual payment would constitute a default on the loan.[11]  The Note provided that in the event of a default, the full amount of the loan would be immediately due and payable, and that Liberty could pursue all remedies available.[12]

The Howeys remained current on the loan until 2021.  In 2019, the first payment was made using credits from AGS from fish deliveries.[13]  In 2020, Liberty granted a one-time deferral of their loan payment due to the effects of COVID-19 on fisheries and fishers; the Howeys exercised this deferral and therefore they were not in default that year even though no loan payment was made.[14]  In 2021, however, no

---

[5] *Id.*
[6] Docs. 145-1 at 1; 146-1 at 3–5.
[7] Doc. 145 at 2, ¶ 2.
[8] *Id.* at 2–3, ¶ 3.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3, ¶ 7.
[12] *Id.* at 3–4, ¶ 7; Doc. 145-1 at 6.
[13] Doc. 145 at 3, ¶ 4.
[14] *Id.* at 3, ¶ 5.

R&R on Mtn for Partial SJ re Liberty Loan Default          2
*Kanaway Seafoods, Inc. v. Pacific Predator*
Case 3:22-cv-00027-JMK-KFR
Case 3:22-cv-00027-SLG-KFR   Document 176   Filed 05/01/24   Page 2 of 7

loan payment was made by the September 30 due date.[15] To date, the first year's payment is the only payment that has been made toward the loan.[16]

Plaintiffs' Amended Complaint includes a claim by Liberty for breach of the Loan Agreement and Note.[17] Specifically, Liberty alleges that the Howeys "breached their obligations under the Liberty Loan Agreement and Liberty Note and are in default," rendering the Howeys "liable to Liberty in the principal amount of $746,666.67," plus interest, attorney's fees, and other collection costs.[18] In the present Motion, Liberty seeks summary judgment solely on this claim.[19]

## II.    LEGAL STANDARDS

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [20] A fact is "material" if it might affect the outcome of the case under the governing law.[21] A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable fact-finder to decide in favor of the nonmoving party.[22] In determining whether a genuine dispute of material fact exists, the court views the evidence in the light most favorable to the nonmoving party, and draws all reasonable inferences in favor of that party.[23]

The party moving for summary judgment bears the ultimate burden of persuasion and the initial burden of producing evidence that shows the absence of a genuine issue of material fact.[24] If a moving party successfully carries its burden of production, the nonmoving party "must produce evidence to support its claim or

---

[15] *Id.* at 3, ¶ 6.
[16] *Id.*
[17] Doc. 64 at 7–8, ¶¶ 4.1–4.2.
[18] *Id.*
[19] Doc. 144.
[20] Fed. R. Civ. P. 56(a).
[21] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").
[22] *Id.* at 248.
[23] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88 (1986); *E.E.O.C. v. Go Daddy Software, Inc.,* 581 F.3d 951, 961 (9th Cir. 2009).
[24] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

defense."[25]  It is not the task of the court to "scour the record in search of a genuine issue of triable fact."[26]  Rather, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment."[27]  "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment."[28]

### III.    DISCUSSION

Liberty seeks summary judgment on its claim that the Howeys are liable for default on the Liberty loan.[29]  Liberty explains that the following undisputed facts demonstrate the Howeys' default: "(1) Liberty and the Howeys entered into the Loan Agreement and Promissory Note to document the $800,000 loan, (2) Liberty funded the loan as agreed, (3) the loan documents required annual payments of a portion of the principal and all interest, and (4) Defendants Howey made no payments toward the Liberty Loan in 2021, 2022, and 2023."[30]

The Howeys agree that the above facts are undisputed and do not appear to dispute that they are in default on the Liberty loan, but they contend that only partial summary judgment on Liberty's claim for breach of contract based on default is appropriate.[31]  The Howeys appear to argue that there is a factual dispute regarding the amount of the balance remaining on the loan.[32]  This argument appears to be based on the theory that AGS breached its "fiduciary duty to the Howeys to not pay Liberty . . . more than it was entitled to."[33]  The Howeys cite the Court's previous finding, adopted by the District Court, that "there is a clear dispute about a genuine

---

[25] *Id.* at 1103.
[26] *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation marks omitted) (quoting *Richards v. Combined Ins.*, 55 F.3d 247, 251 (7th Cir. 1995)).
[27] *Id.* (quoting *Richards*, 55 F.3d at 251).
[28] *Nissan Fire & Marine Ins.*, 210 F.3d at 1102.
[29] Doc. 144 at 6–7.
[30] *Id.* at 6.
[31] Doc. 167 at 1–2.
[32] *See* Doc. 167 at 1–2, 4 (stating that "There are Genuine Issues of Material Fact in More Than Just the Alleged Balance of the [Liberty] Loan").
[33] *See* Doc. 167 at 4.

R&R on Mtn for Partial SJ re Liberty Loan Default
*Kanaway Seafoods, Inc. v. Pacific Predator*
Case 3:22-cv-00027-SLG-KFR   Document 176   Filed 05/01/24   Page 4 of 7
4

issue of material fact as it relates to the interpretation of the Liberty Note."[34] The Howeys request that the Court enter an order establishing that all but two facts recited in Liberty's Motion are not in dispute.[35] Those two facts are: (1) "[i]n 2019, the first Liberty annual loan payment was made by using credits from AGS from fishing deliveries made [by] the PACIFIC PREDATOR"; and (2) "[b]ecause only one payment was made, the principal balance due on the Liberty loan stood at $746,666.67, not including interest, charges, fees, and costs."[36]

In reply, Liberty argues that the propriety of AGS's 2019 payment toward the loan is immaterial to the Howeys' subsequent default or the amount the Howeys now owe on the loan.[37] Relatedly, Liberty maintains that AGS did not have a fiduciary relationship with the Howeys, and that, in any case, this issue has no bearing on Liberty's loan default claim.[38]

Based on the undisputed facts summarized in Liberty's Motion, the Court finds that the Howeys are in default on the Liberty loan due to their failure to make loan payments as required by the Loan Agreement and Note, beginning in 2021.[39] These facts, which are substantiated by testimony from John Spaulding (Liberty's manager and president during the relevant time period) and Bryan Howey, further demonstrate that the outstanding principal balance is in the amount of $746,666.67.[40] Though the Howeys challenge the amount of that balance, they adduce no evidence showing that the amount might be different.[41]

---

[34] Doc. 167 at 1–2 (citing Doc. 115 at 12).
[35] *Id.* at 5.
[36] Doc. 144 at 4.
[37] Doc. 173 at 5.
[38] *Id.* at 6–8.
[39] Docs. 145; 145-1; 145-2; 146-1.
[40] Docs. 145 at 4, ¶ 8; 146-1 at 5.
[41] *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."); *see also Celotex*, 477 U.S. at 325 (explaining that where party has properly brought a summary judgment motion, Rule 56(e) requires nonmoving party to produce evidence to show genuine issue of material fact).

R&R on Mtn for Partial SJ re Liberty Loan Default
*Kanaway Seafoods, Inc. v. Pacific Predator*
Case 3:22-cv-00027-SLG-KFR    Document 176    Filed 05/01/24    Page 5 of 7
5

Moreover, the Court's previous finding that there was a genuine issue of material fact as to whether AGS properly transferred the 2019 loan payment to Liberty does not suffice to create a factual dispute as to the amount of the principal balance on the Liberty loan.[42] The undisputed evidence before the Court establishes that, no matter whether AGS lawfully paid the amount it paid toward the Liberty loan that year, the payment was made and resulted in the balance standing at $746,666.67 at the time of the Howeys' default. Any argument Defendants may wish to make as to the propriety of AGS's 2019 loan payment—whether based on contract interpretation principles or the existence of a fiduciary duty—does not pertain to Liberty's claim that the Howeys defaulted on the Liberty loan by failing to make payments in 2021, 2022, and 2023, and that the principal balance on the loan is $746,666.67.

## IV. CONCLUSION

The Court finds that there is no dispute of material fact that the Howeys are in default on the Liberty loan due to nonpayment and that the principal balance remaining on the loan is $746,666.67. Liberty is entitled to summary judgment on its loan default claim. Thus, the Court recommends that Liberty's Motion for Partial Summary Judgment re Liberty Loan Default at Docket 144 be **GRANTED.**

DATED this 1st day of May, 2024, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

//

//

---

[42] *See* Doc. 115 at 11–12 (denying summary judgment in favor of Defendants because genuine factual dispute existed as to whether AGS acted improperly by making full loan payment in 2019 using the Howeys' fishing credits).

R&R on Mtn for Partial SJ re Liberty Loan Default
*Kanaway Seafoods, Inc. v. Pacific Predator*
Case 3:22-cv-00027-SLG-KFR   Document 176   Filed 05/01/24   Page 6 of 7
6

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[43] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[44]

A party may file written objections to the magistrate judge's order within fourteen (14) days.[45] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[46]

---

[43] 28 U.S.C. § 636(b)(1)(B).
[44] *Id.* § 636(b)(1)(C).
[45] *Id.*
[46] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R on Mtn for Partial SJ re Liberty Loan Default    7
*Kanaway Seafoods, Inc. v. Pacific Predator*
Case 3:22-cv-00027-JMK-KFR

Case 3:22-cv-00027-SLG-KFR    Document 176    Filed 05/01/24    Page 7 of 7