IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KANAWAY SEAFOODS, INC. d/b/a Alaska General Seafoods, a Delaware Corporation, *et al.*,<br><br>　　　Plaintiffs and Counter-Defendants,<br><br>　v.<br><br>PACIFIC PREDATOR, AK REGISTRATION NO. AK3565AN, its Engines, Machinery, Appurtenances, etc., In Rem, *et al.*,<br><br>　　　Defendants and Counter-Claimants. | Case No. 3:22-cv-00027-SLG-KFR |

## ORDER RE LIBERTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE LIBERTY LOAN DEFAULT

　　　Before the Court at Docket 144 is Plaintiff Liberty Packing LLC's Motion for Partial Summary Judgment Re Liberty Loan Default. Defendants responded in partial opposition at Docket 167 to which Liberty filed a reply at Docket 173. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 176, Judge Reardon issued his Report and Recommendation, in which he recommended that the motion be granted. Defendants filed objections to the Report and Recommendation at Docket 178 to which Plaintiff Liberty filed a reply at Docket 180.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court grant Liberty Packing LLC's Motion for Partial Summary Judgment Re Liberty Loan Default. In their objections, Defendants argue that the Court should not adopt the Magistrate Judge's recommendation that the principal balance on the loan as of the date of default is $746,666.67. They assert that the amount due on the loan may actually be higher, because they allege that Plaintiff AGS improperly paid Liberty too much toward the loan in 2019, and the Court previously found that there is a genuine issue of material fact on whether AGI did in fact overpay toward the loan in 2019.[4] But on *de novo* review, the Court rejects this objection. Whether AGS overpaid on

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 178 at 3 (citing Docket 115 at 12).

Case No. 3:22-cv-00027-SLG-KFR, *Kanaway Seafoods Inc., et al. v. Pacific Predator, et al.*
Order re Report and Recommendation
Page 2 of 3
Case 3:22-cv-00027-SLG-KFR   Document 195   Filed 08/22/24   Page 2 of 3

the loan in 2019, the parties agree that the principal amount due on the note as of the date of default was $746,666.67.[5] That Defendants may pursue their claims against AGS related to the alleged overpayment is a distinct issue from the balance due Liberty on the note. Therefore, this objection is overruled.

The Court has reviewed the balance of the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that Liberty Packing LLC's Motion for Partial Summary Judgment Re Liberty Loan Default at Docket 144 is GRANTED.

DATED this 22nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] *See* Docket 145 at 4; Docket 146-1 at 5.

Case No. 3:22-cv-00027-SLG-KFR, *Kanaway Seafoods Inc., et al. v. Pacific Predator, et al.*
Order re Report and Recommendation
Page 3 of 3

Case 3:22-cv-00027-SLG-KFR   Document 195   Filed 08/22/24   Page 3 of 3