# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KANAWAY SEAFOODS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC PREDATOR, et al., <br><br> Defendants. | Case No. 3:22-cv-00027-SLG-KFR |

### ORDER RE MOTION FOR SUMMARY JUDGMENT RE DEFENDANTS' WRONGFUL ARREST COUNTERCLAIM

Before the Court at Docket 147 is Plaintiffs' Motion for Summary Judgment re Defendants' Wrongful Arrest Counterclaim. Defendants did not file a response. Thereafter, Plaintiffs filed a notice of Defendants' non-opposition at Docket 177. The motion was referred to the Honorable Magistrate Judge Reardon. At Docket 194, Judge Reardon issued his Report and Recommendation, in which he recommended that the motion be granted. Defendants filed objections to the Report and Recommendation at Docket 205, to which Plaintiffs replied at Docket 206.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

In their objections, Defendants first note that the Report fails to acknowledge that Defendants filed a Rule 56(d) request for additional time to oppose Plaintiffs' summary judgment motion at Docket 154, along with a Declaration of Bryan Howey at Docket 155. The Magistrate Judge denied the Rule 56(d) request at Docket 175, but accorded Defendants an opportunity to file an opposition to the underlying summary judgment motion. The Court has reviewed all of these filing.

Defendants' first objection focuses on a second promissory note that the Howeys sign in favor of Liberty Packing in late 2019. The Court has reviewed the declaration of Melissa Curran, filed at Docket 179. It appears undisputed that Mr. Howey signed the second promissory note in late 2019 in favor of Liberty Packing, but, as Mr. Howey states in his objection, "LP failed to fund the Second LP Promissory Note, either by a transfer to the AGS Open Account or by issuing the funds to the Howeys."[4] The note amount was the 2019 year-end balance on the

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 205 at 3.

AGS open account.[5] To the extent Defendants maintain that this note should have "zeroed out" Defendants' debt with AGS, such that AGS did not have a valid maritime lien in 2022, that assertion is without merit.  AGS's debt (and necessaries lien) is based on the sums that were advanced to the Howeys in 2019, 2020, and 2021.[6]  Thus, even if Defendants are correct that the 2019 note should have eliminated that portion of the lien claim as of January 1, 2020,  (which Plaintiffs dispute), that does not alter the validity of AGS's lien claim for necessaries advanced in 2020 and 2021.

Defendants' second objection takes issue with the Magistrate Judge's statement that "Defendants have similarly offered no evidence that would allow a reasonable factfinder to decide that AGS pursued the Vessel's arrest in bad faith, with malice, or with gross negligence."[7]  They explain that they were unable to garner evidence because "Defendants were not allowed to proceed with depositions."[8] The Court has reviewed the Magistrate Judge's discovery order at Docket 175 and agrees with its analysis that Defendants had not been diligent in seeking discovery regarding the December 2019 promissory note.

---

[5] Docket 32-1 at 3.

[6] *See* Declaration of John Spaulding in Response to Rule E Motion (Docket 32) and Exhibit 1 (Docket 32-1).

[7] Docket 205 at 4 (quoting Report at Docket 194 at 7).

[8] Docket 205 at 5.

The Court has reviewed the balance of the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that the Motion for Summary Judgment re Defendants' Wrongful Arrest Counterclaim is GRANTED and that the First Cause of Action in Defendants' Countercomplaint at Docket 75 is DISMISSED.

DATED this 16th day of September 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE