# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KANAWAY SEAFOODS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC PREDATOR, *et al.*, <br><br> Defendants. <br><br> ─────────────────────── <br><br> DANA HOWEY, in personam, *et al.*, <br><br> Counter-Claimants, <br><br> v. <br><br> KANAWAY SEAFOODS, INC., *et al.*, <br><br> Counter-Defendants. | Case No. 3:22-cv-00027-SLG-KFR |

### REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO AMEND COUNTERCLAIMS

Before the Court is a Motion to Amend Counterclaims to Add Breach of Contract Claim for Second Liberty Packing Promissory Note ("Motion") filed by Defendants Pacific Predator, Bryan Howey, Dana Howey, and Alaska Wild Exports LLC.[1] Plaintiffs Kanaway Seafoods, Inc., doing business as Alaska General Seafoods ("AGS"), and Liberty Packing LLC filed a Response in Opposition to the Motion,[2] to which Defendants did not reply. Because Defendants have not shown good cause for seeking the proposed amendment of their Counter-Complaint over a year after the amended pleadings deadline, the Court recommends that the Motion be **DENIED.**[3]

---
[1] Docket 204.
[2] Docket 210.
[3] Because denial of the Motion would be dispositive of Defendants' proposed counterclaim, the Court

# I. BACKGROUND

In February 2022, Plaintiffs filed a Complaint *in rem* and *in personam* against Defendants, alleging that Defendants failed to comply with the terms of three loans Defendants had with Plaintiffs.[4] In September 2022, Plaintiffs filed an Amended Complaint.[5] In October 2022, Defendants filed an Answer and Counter-Complaint in which they asserted numerous counterclaims arising generally out of Plaintiffs' alleged actions in connection with the three loans leading up to this lawsuit.[6]

In March 2023, after receiving the parties' Scheduling and Planning Conference Report, the Court issued a Scheduling and Planning Order setting various deadlines in the case.[7] Among these deadlines were: (1) a July 3, 2023, deadline for the parties to file any motions to amend pleadings; (2) a December 18, 2023, deadline for the parties to complete fact discovery; and (3) a January 19, 2024, deadline for the parties to file any discovery motions.[8] The Court informed the parties that these deadlines could be modified "only for good cause shown and with the consent of the Court."[9] The parties later filed and the Court granted a stipulated motion to extend the fact discovery deadline by two days to ensure that any final depositions could be taken before that deadline.[10] No other requests regarding the deadlines in the Scheduling and Planning Order were made before those deadlines expired.

On March 7, 2024, Defendants filed a motion for an extension of time to complete discovery pursuant to Federal Rule of Civil Procedure 56(d).[11] In that motion, Defendants

---

submits this report and recommendation to the District Court instead of ruling on the Motion. *See Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (holding that habeas petitioner's motion to stay proceedings was dispositive of a new claim petitioner sought to eventually add to his petition, explaining that inquiry turned on "whether the denial of the motion effectively dispose[d] of a claim or defense or preclude[d] the ultimate relief sought" (citing *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013))); *see also* 28 U.S.C. § 636(b)(1)(A)–(B).

[4] Docket 1.
[5] Docket 64.
[6] Docket 75.
[7] Docket 105.
[8] *Id.* at 4, 7–8.
[9] *Id.* at 2.
[10] Docket 126 at 2; Docket 127.
[11] Docket 154.

asked the Court to allow additional discovery pertaining to a "newly discovered" December 2019 promissory note between Liberty Packing and the Howeys.[12] Defendants faulted Plaintiffs for not producing this "critically important" note, even though it later became clear that Defendants had possessed a copy of the note since before the litigation began and had even produced it to Plaintiffs in July 2023.[13]

On April 18, 2024, the Court denied Defendants' discovery motion, finding that Defendants "ha[d] not diligently conducted discovery or shown good cause for their failure to do so[.]"[14] The Court reasoned as follows. First, Defendants "were or should have been aware of the December 2019 promissory note well before the fact discovery cutoff."[15] Second, Defendants had waited more than two months after the fact discovery cutoff to move to reopen that deadline, even though they had evidently been aware of the December 2019 promissory note before the deadline's passage.[16] Defendants' attempts to justify this delay revealed that they had intentionally failed to communicate with Plaintiffs and ignored the Court's ordered deadlines "in an attempt to gain a strategic advantage."[17] The Court concluded that these actions showed a lack of diligence and that it would be inappropriate to "reward Defendants' delays in pursuing discovery."[18]

On June 27, 2024, Defendants filed a motion seeking an order requiring Plaintiffs to produce materials responsive to several new discovery requests, including certain materials pertaining to the December 2019 promissory note.[19] In justifying their need for additional discovery, Defendants reiterated the argument that Plaintiffs had withheld the December 2019 promissory note in discovery.[20]

On August 16, 2024, the Court denied this second discovery motion, construing it as a

---

[12] *Id.* at 2.
[13] Docket 158 at 4–5; Docket 175 at 8.
[14] Docket 175 at 1.
[15] *Id.* at 11.
[16] *Id.* at 12.
[17] *Id.* at 12–13.
[18] *Id.* at 13.
[19] Docket 185 at 2.
[20] *Id.* at 15–17.

motion to reopen discovery requiring a showing of good cause pursuant to Federal Rule of Civil Procedure 16(b).[21] In concluding that the balance of relevant factors weighed against reopening discovery, the Court again found that Defendants had not diligently pursued discovery.[22] The Court explained that Defendants "were or should have been aware of [the December 2019 promissory note] well before the fact discovery deadline, failed to timely conduct any discovery concerning the document before discovery closed, and then waited more than two months to move to reopen this deadline."[23] Defendants then filed a motion for reconsideration of the Court's order denying their second discovery motion,[24] which the Court likewise denied.[25]

On August 30, 2024, Defendants filed the present Motion.[26]

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 16(b), a court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."[27] Once established, the "schedule may be modified only for good cause and with the judge's consent."[28] Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment."[29] "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it [was] unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply

---

[21] Docket 192 at 1, 7.
[22] *Id.* at 11–12.
[23] *Id.* at 12.
[24] Docket 196.
[25] Docket 212.
[26] Docket 204.
[27] Fed. R. Civ. P. 16(b)(3).
[28] Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).
[29] *Johnson*, 975 F.2d at 609.

with the scheduling order."[30] "If that party was not diligent, the inquiry should end."[31]

When a party moves to amend its pleading after the scheduling order's deadline for amended pleadings has expired, the court evaluates the motion under Rule 16(b)'s good cause standard.[32] The moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion [must] satisfy the more stringent 'good cause' showing required under Rule 16."[33] Only if good cause is found will the court then evaluate whether the proposed amendment is proper under Rule 15's liberal standard.[34]

### III. DISCUSSION

Defendants seek to amend their Counter-Complaint by adding a breach of contract counterclaim "for the failure of Liberty Packing to provide the Howeys their bargained-for consideration ($67,397.22) in exchange for executing the [December 2019 promissory note]."[35] Defendants appear to contend that their need to raise this proposed counterclaim was prompted by certain adverse rulings regarding that note.[36] Defendants further suggest that if they are not permitted to add this counterclaim, they could be found liable to both AGS and Liberty Packing for the amount specified in the note plus interest; Defendants argue that such an outcome would be prejudicial because it would make them liable for far more than what they might owe.[37]

In response, Plaintiffs urge the Court to deny leave to amend for three reasons. First, Plaintiffs maintain that Defendants unduly delayed filing the Motion, as evidenced by Defendants' possession of the December 2019 promissory note—the document giving rise to

---

[30] *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).
[31] *Johnson*, 975 F.2d at 609.
[32] *Id.* at 608.
[33] *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).
[34] *Johnson*, 975 F.2d at 608.
[35] Docket 204 at 2.
[36] Defendants suggest that the Court has established the meaning of the December 2019 promissory note or determined that the note "is unrelated to the AGS open account/maritime lien claim as a matter of law." Docket 204 at 4, 6. Defendants do not identify the specific rulings they refer to, and the Court is unaware of any rulings in this litigation with such effect.
[37] *Id.* at 6.

R&R re Mtn to Amend Counterclaims
*Kanaway Seafoods, Inc. v. Pacific Predator*
3:22-cv-00027-SLG-KFR
Case 3:22-cv-00027-SLG-KFR    Document 216    Filed 11/04/24    Page 5 of 9

5

the proposed new counterclaim—since before this litigation.[38]  Second, Plaintiffs contend that allowing Defendants to bring the requested new counterclaim at this stage in the litigation would prejudice Plaintiffs, as it would either "deprive Plaintiffs the opportunity to test this new claim through the usual means of discovery or motion practice," or involve a new round of costly and time-consuming discovery and motions.[39]  And third, Plaintiffs argue that the Defendants' proposed new counterclaim is not really a counterclaim at all, as its "true purpose" is "to allow Defendants to argue that th[e] [December 2019] note was a part of the ongoing transaction between the parties, and has an effect on the AGS-Howey debt."[40]  Plaintiffs submit that the proposed new counterclaim is instead a "partial defense to the AGS debt claim, or a factor to reduce the amount due."[41]

The Court finds that Defendants have failed to show good cause under Rule 16(b) to justify their late request to add the proposed breach of contract claim to their Counter-Complaint.  The Court previously applied the same good cause standard in denying Defendants' requests to reopen discovery, and the same reasons that supported those denials apply equally here.  In finding that Defendants had not shown good cause to reopen discovery several months after the fact discovery deadline expired, the Court explained that Defendants had not diligently pursued discovery, particularly discovery pertaining to the December 2019 promissory note.[42]  The Court rejected Defendants' argument that Plaintiffs were responsible for Defendants' delays in pursuing discovery, relying on the undisputed fact that Defendants had possessed the December 2019 note since before this litigation began and on Defendants' own admission that they had strategically waited to raise any issue regarding the disclosure of that document with Plaintiffs or with the Court.[43]

These considerations similarly preclude a finding of diligence as to Defendants' untimely request to add to their Counter-Complaint a breach of contract claim involving the

---

[38] Docket 210 at 3.
[39] *Id.* at 3–4.
[40] *Id.* at 5.
[41] *Id.*
[42] Docket 175 at 10–13; Docket 192 at 9–12.
[43] Docket 175 at 11–13; Docket 192 at 10.

December 2019 promissory note. Defendants filed the Motion on August 30, 2024: over a year past the amended pleadings deadline, over eight months past the fact discovery deadline, and over six months past the dispositive motions deadline.[44] Even if the Court were to assume that Defendants' arguments as to the importance of their proposed counterclaim had merit, these arguments have little to no bearing on the good cause issue and would fail to overcome Defendants' lack of diligence in seeking amendment.[45] Furthermore, although prejudice to Plaintiffs is not required under Rule 16(b)'s good cause standard, it can and does here "suppl[y] an additional reason for denying the motion."[46]

The Court thus finds that Defendants have not shown good cause to amend their Counter-Complaint as proposed. Because a finding of good cause is a threshold requirement to amend a pleading beyond the time permitted in a scheduling order, the Court need not address the parties' remaining arguments for purposes of recommending a disposition of the Motion.[47] Nevertheless, the Court concurs with Plaintiffs that even without the proposed breach of contract counterclaim, Defendants may use the December 2019 promissory note in

---

[44] Docket 105 at 7–8; Docket 127.

[45] *See Johnson*, 975 F.2d at 609 ("If [the moving] party was not diligent, the [good cause] inquiry should end."); *see also Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (holding that district court did not abuse its discretion in finding that plaintiffs were not diligent in moving to amend complaint to incorporate new theory of liability where plaintiffs had possessed "the 'key documents' forming the basis of their new theory of fraud in January 2020 yet 'failed to account for the five months' between receiving the documents and filing their motion to amend in June 2020"); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (stating that even under the liberal Rule 15 standard "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

[46] *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (citing *Johnson*, 975 F.2d at 609); *see also id.* ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999))).

[47] Because Defendants suggested that they might file a separate breach of contract action in state court if the Motion were denied, Docket 204 at 6, Plaintiffs asked the Court to "clarify" that Defendants' breach of contract claim "arises from the same operative nucleus of facts as the existing claims and therefore the claim-splitting rule applies," Docket 210 at 9. As an actual claim-splitting issue does not currently exist and would not be litigated in federal court even if it did, the Court will not declare the parties' rights in a hypothetical second action brought in state court. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("[Federal courts'] role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

defending against the AGS debt claim or in attempting to establish the amount owed for that claim.

## IV.  CONCLUSION

Defendants have not shown good cause to amend their Counter-Complaint over a year after the deadline for amended pleadings in this case.  Therefore, the Court recommends that Defendants' Motion to Amend Counterclaims to Add Breach of Contract Claim for Second Liberty Packing Promissory Note at Docket 204 be **DENIED.**

DATED this 4th day of November, 2024, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court.  For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[48]  A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[49]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[50]  Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented.  Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support.  Reports and recommendations are not appealable orders.  Any notice of

---

[48] 28 U.S.C. § 636(b)(1)(B).
[49] *Id.* § 636(b)(1)(C).
[50] *Id.*

appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[51]

---

[51] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).